# NEW YORK SUPERIOR COURT.

## WESTON and another agt. KETCHAM.

*Alleged violation of trade mark.*

Where the plaintiffs allege that the defendant sells oil under the name of "Pepper's Signal Oil," &c., which in fact is not such, it does not give the plaintiffs a cause of action for the infringement of a trade mark.

*Special Term, February* 1876.

SEDGWICK, *J.* — The plaintiffs have no property in the so-called trade mark. In my opinion, the words claimed by plaintiffs as constituting the trade mark ceased to have any character as such, and became descriptive of a kind of oil. However this may be, the plaintiffs have no property in them. The first owner of the trade mark, so called, was Pepper, and plaintiff Weston had no interest in it. Pepper became partner of defendant Ketcham, and the trade mark became distinctive of the manufacture of the firm. At any rate, it was Ketcham's property as much as Pepper's. Since that time, the evidence shows no acquisition of any right from Pepper or from Ketcham, by plaintiff Weston, to the trade mark. I leave out of view an important fact in the case, that if the trade mark were kept in existence as such, by its continuous use by the succession of the various firms, it belonged to any one partner as much as to another. I mean only to point out there has been no transfer of it to the exclusive use of plaintiff West or his present firm.

The only thing which the plaintiffs can claim gave them the exclusive right to the words composing the alleged trade

mark, is the agreement of Mrs. Pepper with plaintiff Weston, that the latter, or any firm of which he might be a member, shall have, for five years, "the exclusive use of the name of Capt. Simeon Pepper in the manufacture of signal oils, as a 'trade mark,' to be designated Capt. S. Pepper's Signal Oil, or Pepper's Signal Oil, for the term of five years, and that at the end of the five years she would render and yield up to the plaintiff Weston 'the said trade mark,' as hereinbefore described, for his own use, benefit and behoof for ever." Mrs. Pepper did not succeed to any business of her husband's which, continuing, a trade mark belonging to it might continue. Her husband left no such business, and there is no such thing as a trade mark in "gross," to use that term by analogy. It must be "appendant" of some particular business in which it is actually used upon or in regard to specific articles. And she in no way disclosed by the evidence — and I do not see how any could possibly exist — became possessed of the right to transfer to any one the right to use her deceased husband's name.

It came to this, that, as a matter of fact, the claim is, the defendant sells oil which is truly called "Pepper's Signal Oil," &c. The evidence rather discloses that it is not that oil but an improvement upon it. Passing that by, the plaintiffs' further allegation is, that the defendant sells oil under the name of "Pepper's Signal Oil," &c., which, in fact, is not such. I do not think this gives the plaintiffs a cause of action.

The complaint is dismissed, with costs.

Defendant will engross the findings, &c., made by me, and present them to me for signing.