## The Fair v. Jose Morales & Co.

1. TRADE-MARKS—*Conveyancing.*—A trade-mark can not be conveyed in gross, by independent transfer, without also conveying the business to which the trade-mark attaches.

2. SAME—*Equitable Jurisdiction.*—Courts of equity are not without jurisdiction to grant relief in cases of inequitable and fraudulent competition by imitation of labels, names, etc., for the purpose of palming off goods as those of another, even when there is no exclusive and proprietary right in such labels, names, etc., as trade-marks.

**Injunction.**—Appeal from an interlocutory order entered in the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding.   Heard in this court at the March term, 1899.   Affirmed. Opinion filed May 8, 1899.

**Statement of the Case.**—This is an appeal from an interlocutory order granting a temporary injunction.   The injunction restrains appellant from the use of the words "La Matilde," and from the use of certain labels upon boxes of cigars other than those manufactured by appellee.

The order was based upon verified bill of complaint, filed by appellee, and upon exhibits thereto, consisting of cigar

boxes used by appellee, and others used by appellant, labels, newspaper advertisements, etc.

From the allegations of the bill of complaint and the exhibits, it would appear that appellee, the complainant below, is a Florida corporation, engaged for more than five years in manufacturing and vending cigars in the United States and foreign countries, with its principal place of business at Port Tampa, Florida; that its cigars are sold, and have been for years, under the brand or name "La Matilde;" that they are put up in boxes with certain labels, marks and names, as shown by boxes with labels attached presented as exhibits; that the trade-mark and trade name "La Matilde" is owned and controlled by complainant and was conveyed to complainant by Josefa Valdes, widow of one Morales, of Havana, Cuba, who had been, long before the conveyance, manufacturing and vending cigars under that name, and under whose manufacture the brand had become widely known to the public; that the brand and mark "La Matilde" have been duly registered, both under the laws of the State of Illinois and of the United States; that from the long period of the use of the trade-mark, trade name and trade label in the sale of high grade cigars, complainant has been enabled to build up a large and lucrative business in the sale of cigars, yielding a large profit; that defendant has adopted and is using in the sale of cigars the trade-mark "La Matilde," and is selling cigars under that name in boxes resembling in all appearances the boxes of complainant and bearing labels in imitation thereof; that specimens of the infringing boxes are affixed as exhibits, and that the adoption and use by The Fair of said name and label are flagrant violations of complainant's rights therein, the said label having been used by it for a long period of years, and being widely known to the public as representing a brand of cigars manufactured by complainant, having a widespread reputation, and being of great value to complainant; that defendant has made certain sales of cigars to complainant's agents, representing them to be genuine "La Matilde" cigars, and is falsely

The Fair v. Jose Morales & Co.

advertising the sale of the celebrated " La Matilde " cigars at half regular prices, specimens of which advertisements cut from newspapers are attached; that the cigars so advertised and sold by defendant are not the genuine " La Matilde " cigars, but are spurious and made solely for the purpose of deceiving the public and in flagrant violation of complainant's rights; that thereby the public is deceived and complainant defrauded out of large gains and profits, and damage and injury irreparable, etc., inflicted upon complainant. The prayer of the bill of complaint is, that an accounting may be had of profits and damages, and defendant enjoined from the use, sale, display, advertising or offering for sale of any imitation, counterfeit or spurious label, devices, pictured symbols, trade name, trade-mark and forms of advertisement in violation of complainant's rights, etc.

Upon these verified allegations and the exhibits, after notice to appellant, the order appealed from was entered.

Frank F. Reed and Moran, Kraus & Mayer, solicitors for appellant.

Upon this record the appellant (defendant below) asks the reversal of the injunctional order upon complainant's own showing, because it is clearly apparent that:

Complainant did not acquire, and does not possess, any right to the so-called " La Matilde " marks and labels, because complainant's alleged acquisition thereof included no business, assets or good will, but only the bare right to employ the trade-mark and labels formerly used by the deceased Morales. Such transfers and uses of trade-marks and labels are universally condemned and forbidden by courts.    Browne on Trade-marks (2d Ed.), Sec. 363; 26 Am. & Eng. Ency. Law, 371, 374; Kerly on Trade-marks, p. 272; Sebastian on Trade-marks, p. 11; MacVeagh v. Valencia Cigar Factory, Price & Steuart T. M. Cases, 970; 32 O. G. 1124; Samuel v. Berger, 24 Barb. 163; R. Cox, 178; Messer v. The Fadettes, 168 Mass. 140, 46 N. E. Rep. 407; Ex parte Lawrence, Cox Man.; Mayer v. Flannagan, 34 S. W. Rep. 785; Weston v. Ketcham, 51 How. Pr. 455; Witt-

haus v. Braun, 44 Md. 303, 22 Am. Rep. 44; Cotton v. Gil-
lard, 44 L. J. Ch. 90; Hammond v. Brunker, 9 R. P. C. 301;
Leather Cloth Co. v. Am. Leather Cloth Co., 4 De G., J. &
S. 136, 142; 11 House Lords Cases, 522, 531 and 533; Wood
v. Lambert, L. R. 32 Ch. Div. 247, 3 R. P. C. 81; Thorneloe
v. Hill, 8 Rep. 718, 11 R. P. C. 61; Pinto v. Badman, 8 R.
P. C. 181.

That by the positive announcements repeated upon the
box, the get-up of the labels, the use of Havana, Cuba,
No. 127 Galiano street, as the business address of Jose
Morales & Co.; the words of the written guarantee and the
omission to state distinctly and clearly the actual maker
and place of manufacture, and the false statements on the
labels with respect thereto, complainant itself is deceiving
the public as to the maker and place of manufacture of its
cigars, and is foisting off its product made at Port Tampa
City, Florida, by a corporation of that State, as manufac-
tured at Havana, Cuba, by J. Morales at his factory, No. 127
Galiano street.     Misrepresentations, both positive and
implied, in reference to the person who makes, the place
where made, or material of which made, disentitle a mark
to recognition or protection in a court of law or equity.
There is no such right as a monopoly in gulling the public.
Stachelburg v. Ponce, 23 Fed. 430; Manhattan Medicine
Co. v. Wood, 108 U. S. 218; Partridge v. Menck, 1 How.
App. Cases 558, R. Cox, 72; Palmer v. Harris, 60 Pa. St.
156; R. Cox, 523; Parlett v. Guggenheimer, 67 Md. 542, 10
Atl. Rep. 81; Prince Metallic Paint Co. v. Prince Mfg. Co.,
135 N. Y. 24, 31 N. E. Rep. 990; Royal Baking Powder Co.
v. Raymond, 70 Fed. Rep. 376; Raymond v. Royal Baking
Powder Co., 85 Fed. Rep. 231; American Cereal Co. v. Eli
Pettijohn Co., 72 Fed. 903; affi'd 76 Fed. 372; Connell v.
Reed, 128 Mass. 477; Joseph v. Macowsky, 96 Cal. 518, 31
Pac. Rep. 914; Kenney v. Gillett, 70 Md. 574, 17 Atl. Rep.
499; Heyde v. Wittkowsky, 5 N. S. Wales, L. R. (E.) 75;
Labatt v. Trester, 7 Rev. Legale, 386, 2 St. Dig. 725; Candee
v. Deere, 54 Ill. 439; Bolander v. Peterson, 35 Ill. App. 551,
136 Ill. 215; Siegert v. Abbott, 61 Md. 276, 48 Am. Rep.

401; Pepper v. Labrot, 8 Fed. Rep. 29; Millbrae Co. v. Taylor (Cal.), 37 Pac. Rep. 235; Pillsbury Co. v. Eagle, 86 Fed. Rep. 608; Wilson v. Neederman, 19 Wk. L. B. 268; Coleman v. Dannenberg Co. (Ga.), 30 S. E. Rep. 639; Krauss v. Peebles Co., 58 Fed. Rep. 585; Hobbs v. Français, 19 How. Pr. 567; Hilson v. Foster, 80 Fed. 896; Solis Cigar Co. v. Pozo, 16 Colo. 388, 26 Pac. Rep. 556; California Fig Syrup Co. v. Putnam, 66 Fed. 750, 69 Fed. 740; California Fig Syrup Co. v. Stearns, 67 Fed. Rep. 1008, 73 Fed. Rep. 812; Ginter v. Kinney, 12 Fed. Rep. 782, P. & S. 694; Laird v. Wilder, 2 Bush. 131, 15 Am. Rep. 707; Newman v. Pinto, 57 L. T. (N. S.) 31, 4 R. P. C. 508; Wood v. Lambert, L. R. 32 Ch. Div. 247, 3 R. P. C. 81; Leather Cloth Co. v. Am. Leather Cloth Co., 4 De G., J. & S. 136, 11 H. L. C. 522.

The registration under Federal and State laws conferred no additional right and in no way relieves from the false statements. Moorman v. Hoge, 2 Sawy. 78; Hennessey v. Braunschweiger, 89 Fed. Rep. 664; Wood v. Butler, 3 R. P. C. 81, L. R. 32 Ch. Div. 247; Ex parte Farnum & Co., Com. Dec., U. S. Pat. Off., 1880, 155; New. Dig. Trademark, 211.

Dow, Walker & Walker, attorneys for appellee.

Appellee herein contends that, being the successor of the originator of the trade-mark, trade name and trade labels set forth in the bill of complaint, as well as the successor of the original business, it has the unquestioned right to use those trade-marks, trade names and trade labels as they have been used by it and its predecessor or predecessors, and in view of that fact appellee is using the trade-mark, trade labels and brand honestly as is its right. Snyder Mfg. Co. v. Snyder et al., 54 Ohio St. 86; Horton Mfg. Co. v. Horton Mfg. Co., 18 Fed. Rep. 818; Williams v. Farrand, 88 Mich. 473; Fish Bros. Wagon Co. v. La Belle Wagon Works, 82 Wis. 546; Edleston v. Vick, 18 Jurist, 7; Allegretti v. Allegretti, 76 Ill. App. 581; Allegretti v. Keller, 85 Fed. Rep. 643; Solis Cigar Co. v. Pozo et al., 16 Col. 388; Marshall et al. v. Pinkham, 52 Wis. 572; Hilson Co. v. Foster et al., 80

Fed. Rep. 896; Stachelberg v. Ponce, 23 Fed. 430, 128 U. S. 686; Manhattan Medicine Co. v. Wood, 108 U. S. 218; Clark Thread Co. v. Armitage, 67 Fed. Rep. 896, 74 Fed. Rep. 936; Cochrane v. Macnish, 1896 Appeal Cases, 225; Merry v. Hoopes et al., 111 N. Y. 415; Leather Cloth Co. v. American Leather Cloth Co., 4 De G., J. & S. 145; Insurance Oil Tank Co. v. Scott, 33 La. Ann. 949; Caswell et al. v. Hazard, 121 N. Y. 484; Palmer v. Harris, 60 Pa. St. 156; Hobbs v. Francais, 19 How. Pr. 567; Connell v. Reed, 128 Mass. 477; Brown on Trade-marks, 2d Ed., Sec. 71 to 75; also p. 85, with notes on last case; Brown, Sec. 777; Pillsbury-Washburne Flour Mills Co. v. Eagle, 86 Fed. 608; Congress Spring Co. v. High Rock Spring Co., 47 N. Y. 291; Banks v. Gibson, 34 Beavan, 566; Hull v. Burrows, 10 Jurist, 55 N. S.; Pidding v. How, 8 Simon, 476; California Fig Syrup Co. v. Worden, 86 Fed. Rep. 212; The Le Page Co. v. Russia Cement Co. 51 Fed. Rep. 941; Kidd v. Johnson, 100 U. S. 617; Frazer v. Frazer Lubricator Co., 121 Ill. 151; Walter Baker & Co., v. Sanders et al., 80 Fed. 889.

Irrespective of the technical question of trade-mark no one has the right to dress up their goods in such a manner as to deceive intending purchasers, and beguile the public into the belief that they are buying goods of a rival manufacturer. Coats v. Merrick Thread Co., 149 U. S. 562; Walter Baker Co., v. Sanders et al., 80 Fed. Rep. 889; Singer Mfg. Co. v. June Mfg. Co., 163 U. S. 169; Pillsbury-Washburne Flour Mills Co. v. Eagle, 86 Fed. Rep. 608; Sawyer v. Horn, 1 Fed. Rep. 24; Sawyer v. Kellogg, 7 Fed. Rep. 720; Parlett et al. v. Guggenheimer et al., 67 Md. 542; Lever v. Goodwin, 36 Ch. Div. 1; Enoch Morgan's Sons Co. v. Schwachofer, 5 Abb. Pr. (N. C.) 265; Peterson v. Humphrey, 4 Ab. Pr. 394; McLean v. Fleming, 6 Otto, 245; Colman v. Crump, 70 N. Y. 573; Caswell v. Davis. 58 N. Y. 223; Taylor v. Gillis, 59 N. Y. 331; Talcott v. Moon, 6 Hun, 106; Rose v. Loftus, 38 Law Times Rep. N. S. 409; Singer Mfg. Co. v. Wilson, L. R. 3 App. Cas. H. L. 376.

The object of the law in protecting trade-marks and compelling fair competition is two-fold; first, to secure to one

The Fair v. Jose Morales & Co.

who has been instrumental in bringing into the market a superior article of merchandise, the fruits of his industry and skill; and, secondly, to protect the community from imposition, and furnish some guaranty that an article, as the manufacture of one who has appropriated to his own use a certain name, symbol or device, is genuine.   Brown on Trade-marks, 2d Ed. Sec. 30; Boadman v. The Meriden Britannia Co., 35 Conn. 402; Blackwell v. Wright, 73 N. C. 310; Matsell v. Flanagan, 2 Abb. Pr. (N. S.) 459; Kinney v. Basch, 16 Am. L. Reg. N. S. 596; Lee v. Haley, 21 L. T. N. S. 546; Pillsbury-Washburne Flour Mills Co. v. Eagle, 86 Fed. 608.

Mr. Justice Sears delivered the opinion of the court.

The bill alleges, among other things, ownership in appellee of the trade-mark "La Matilde" and an infringement through use of same by appellant.

It is contended by appellant that the allegations of the bill of complaint are not sufficient to entitle appellee to relief upon this ground.   And we regard the contention as sound.   For, while the bill does allege ownership, it, nevertheless, in alleging the facts upon which such ownership is based, sets forth an original adoption and use of the trade-mark by another, one Morales, and a conveyance of the trade-mark to appellee, without alleging that appellee succeeded to the business of the originator, *i. e.*, the business to which the trade-mark originally attached.   That trade-marks can not be thus conveyed in gross by independent transfer, without also conveying the business to which the trade-mark attaches, is established by many decisions of different jurisdictions, among which are:   Dixon v. Guggenheim, 2 Brewster (Pa.), 321; Witthaus v. Brown, 44 Md. 303.

Nor do we regard the indefinite allegation that the trade-mark was registered by some one as sufficient to show even *prima facie* ownership in appellee.

There is, however, another and a quite distinct ground for relief presented by the bill of complaint, viz., an unfair

and fraudulent competition by appellant, in that appellant by dressing its goods up in imitation of the goods of appellee not only assuming its claimed trade mark, but as well by simulating its labels and the general appearance of its boxes is fraudulent, undertaking to palm off its goods upon the public as the goods of appellee, which latter through at least five years of manufacture and sale, have become known to the public.

Courts of equity are quite ready to find ground of jurisdiction and for relief in such inequitable and fraudulent competition by imitation of labels, names, etc., for the purpose of palming off goods as those of another, even when there is a lack of exclusive and proprietary right in such labels, names, etc., as trade-marks. Croft v. Day, 7 Beav. 84; Sawyer v. Horn, 1 Fed. Rep. 24; Merchants Detective Ass'n v. Merchants M. Agency, 25 Ill. App. 250; O'Kane v. West End D. G. S., 72 Ill. App. 297.

We are of opinion that there is here such a showing of fraudulent acts and intent as bring the case presented by allegations and exhibits within the doctrine announced in the foregoing cases.

But it is contended by appellant that it appears from the allegations of the bill of complaint and the exhibits that appellee is itself fraudulently simulating the trade-mark and labels of another, viz., one Morales, and that therefore it is not entitled to any protection in equity against appellant, and it is urged that this contention avails as well against the allegations of unfair and fraudulent competition as against the allegations of ownership of trade-mark. In this behalf it is argued that the labels and decorations of the boxes of appellee, which are made exhibits, disclose that appellee is presenting its goods to the public as manufactured in Havana by Jose Morales, while the fact is, as the bill states, that they are manufactured in Florida by Jose Morales & Co., the appellee.

If such a state of facts should be concluded from the bill of complaint and exhibits, then the contention would be tenable. But we can not draw any such conclusion from the bill and exhibits. The bill alleges that appellee is

engaged in manufacturing and vending cigars in the United States and foreign countries. The exhibits, if they are to be considered for the purpose of raising this question, are also entitled to consideration in resolving the question in favor of appellee so far as they tend thereto. There are upon the boxes the words " La Matilde de J. Morales," and also words which mean in English " Tobacco factory of Jose Morales, No. 127 Calzada de Galiano street, Havana." If they stood alone it might be said that these words were likely to mislead the public into a false belief that the cigars were made at a factory of Jose Morales, and not at a factory of Jose Morales & Co., the appellee. There is nothing in either bill of complaint or exhibits to lead to the conclusion that appellee does not manufacture cigars at the street number named in Havana; and the allegations are that it does manufacture in foreign countries. From other parts of the exhibits it may be said that there is no attempt to mislead the public in this behalf. The name of the appellee appears in several places upon the box, and in at least one place is located at 127 Galiano street, Havana. In a conspicuous place at the top of the filled box, appears a loose paper, upon which is plainly printed the following :

" NOTICE TO THE PUBLIC.

The tobacco we use in our factory in manufacturing our well known ' La Matilde ' brand, we guarantee to be the finest Vuelta Abajo wrappers and fillers obtainable on the Isle of Cuba, and we employ only the best and most skilled Cuban workmen.

This is equally true of our branch factory, No. 184 District of Florida, as all of the tobacco there used is shipped and specially prepared and packed in zinc-lined cases in our Havana factory and shipped to our Florida factory weekly as needed, thus preserving all the fine aroma of the tobacco and making the cigars there manufactured equal to our celebrated imported cigars manufactured in Havana under this brand.

We guarantee every box to be as represented.
Very respectfully,
JOSE MORALES & CO.
Havana, Cuba, April 1, 1898."

From these exhibits, taken together with the allegations of the bill of complaint, we can not say that the chancellor should have concluded that the appellee was guilty of fraud in its use of the name and labels which it now seeks to have protected.

If there is an inconsistency in the use of the name "Jose Morales" upon the box without the accompanying "& Co." it is not of itself so likely to mislead and deceive as to impute bad faith to the appellee, to the defeat of its equities. Edelston v. Vick, 23 L. & E. Rep. 51; Dixon v. Guggenheim, 2 Brewster (Pa.), 321; Dole v. Smithson, 12 Abbott's Pr. 237.

We are not informed by bill of complaint or exhibits, or by anything save the argument of counsel, that the name of Jose Morales was ever used by any other than appellee in the manufacture and sale of cigars.

We are of opinion that the order for a temporary injunction was warranted.

The order is affirmed.