The judgment of conviction should be reversed and a new trial ordered.

CULLEN, Ch. J., GRAY, O'BRIEN, BARTLETT, HAIGHT and VANN, JJ., concur.

Judgment of conviction reversed, etc.

————————

MORTIMER FALK et al., Respondents, *v.* THE AMERICAN WEST INDIES TRADING COMPANY, Appellant.

1. TRADE MARK — WHEN TRANSFER OF NAKED TRADE MARK CONFERS NO RIGHT OF ACTION FOR INFRINGEMENT. The transfer of a naked trade-mark used to distinguish one cigar from another, detached from the business in which it had theretofore been used, will not support an action by the transferee to enjoin its use and for damages for infringement.

2. APPEAL — SHORT DECISION. Although a short decision is unanimously affirmed, the Court of Appeals cannot presume that any fact was found not embraced within the scope of the pleadings, the findings as

they appear in the record, and the proofs upon which the decision was made; and where the complaint in such an action fails to show the transfer of anything except the naked trade mark, and the proofs are silent upon the subject, an exception to the conclusion of law that the plaintiff is entitled to judgment raises the question of law as to his right to maintain the action.

*Falk* v. *American West Indies Trading Co.,* 90 App. Div. 606, reversed.

(Argued January 20, 1905; decided February 21, 1905.)

APPEAL from a judgment entered January 15, 1904, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which dismissed an appeal from an order confirming the report of a referee and affirmed a final judgment in favor of plaintiff entered upon said report.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Antonio Knauth* and *Isaac M. Aron* for appellant. The courts below committed a fatal error in assuming that plaintiffs had obtained a valid title to the trade mark " El Falcon " by assignment of the same from the Lichtenstein corporation. That assignment was null and void and did not transfer any rights to the plaintiffs, because a trade mark is not a piece of property which passes by assignment separate from the business of the owner of the mark or of the article which it may serve to distinguish. (*Kidd* v. *Johnson,* 100 U. S. 617; *M. P. Co.* v. *D. C. M. Co.,* 113 Fed. Rep. 468; *L. C. Co.* v. *A. L. C. Co.,* 11 H. L. Cas. 523, 534, 544; *Williams* v. *Farrand,* 88 Mich. 473, 480; *D. C. Co.* v. *Guggenheim,* 2 Brewst. [Penn.] 321, 339; *Witthaus* v. *Mattfeldt,* 44 Md. 303; *Skinner* v. *Oakes,* 10 Mo. App. 45; *Weener* v. *Brayton,* 152 Mass. 101; *Fair* v. *Jose Morales & Co.,* 82 Ill. App. 499; *Messer* v. *The Fadettes,* 168 Mass. 140; *Weston* v. *Ketcham,* 51 How. Pr. 455; *Cotton* v. *Gillard,* 44 L. J. Ch. 90; *Wood* v. *Lambert,* L. R. [32 Ch. Div.] 247; Paul on Trade Marks, ¶ 117.) By assigning the mark which they had made valuable to indicate their manufacture, the assignors committed a constructive fraud upon the public. (*M. Co.* v. *Wood,* 108 U. S.

218; *R. H. S. Co.* v. *Boker*, 86 Fed. Rep. 765; *M. P. Co.* v. *D. C. Mfg. Co.*, 113 Fed. Rep. 468.) The question whether the conclusion of law is supported by the facts found and also whether any material finding of fact is without evidence to support it, is a question of law open for review in this court. (*Gannon* v. *McGuire*, 160 N. Y. 476, 479; *Shotwell* v. *Dixon*, 163 N. Y. 43, 47; *N. H. Co.* v. *Bement & Sons*, 163 N. Y. 505; *Beck* v. *Sheldon*, 48 N. Y. 365; *Meacham* v. *Burke*, 54 N. Y. 217; *Putnam* v. *Hubbel*, 42 N. Y. 106; *Root* v. *G. W. R. R. Co.*, 45 N. Y. 527; *Fellowes* v. *Northrup*, 39 N. Y. 117; *Draper* v. *Stouvenel*, 38 N. Y. 219, 223; *Aldridge* v. *Aldridge*, 120 N. Y. 614.) The decision of the Special Term, not stating separately the facts found and the conclusions of law, a general exception to the decision was sufficient, and was treated by the Appellate Division upon the appeal from the interlocutory judgment as a sufficient exception. (Code Civ. Pro. §§ 1022, 1350; *Laidlaw* v. *Sage*, 158 N. Y. 73; *Duryea* v. *Vosburgh*, 121 N. Y. 57.)

*S. K. Lichtenstein* and *Morris S. Wise* for respondents. The plaintiffs' trade mark of "El Falcon" was infringed by the use by defendant of the title "El Falco." (*Hier* v. *Abrahams*, 82 N. Y. 519; *M. N. F. Co.* v. *Beach*, 33 Fed. Rep. 248; *C. Mfg. Co.* v. *C. Mfg. Co.*, 32 Fed. Rep. 94; *Sanders* v. *Jacobs*, 20 Mo. App. 96; *G. C. Mfg. Co.* v. *Ludeling*, 22 Fed. Rep. 823; *E. S. Co.* v. *Trask*, 59 How. Pr. 189; *A. A. Brunnen* v. *Comborn*, 14 Blatchf. 380; *Schweitzer* v. *Atkins*, 37 L. J. Ch. 847; *Burnett* v. *Phalon*, 3 Keyes, 594; *R. B. P. Co.* v. *McQuade*, P. & S. Trade Mark Cas. [2d ed.] 480.) The possibility to deceive the consumer warrants the interposition of a court of equity. (Kerly on Trade Marks, 187; Sebastian on Trade Marks, 145–242; *Von Mumm* v. *Frash*, 56 Fed. Rep. 830; *Le Page Co.* v. *R. C. Co.*, 2 C. C. App. 555; *Pillsbury* v. *Pillsbury Co.*, 64 Fed. Rep. 841.) As no exceptions were filed to the final judgment of the court at Special Term or to the decision of the justice affirming the report of the referee on the accounting for damages herein,

the record herein presents no question for review on the part of the Court of Appeals with respect to the amount of damages, nor is the said question presented for argument or review on appellant's brief. (*Doremus* v. *Doremus*, 76 Hun, 337; *Attorney-General* v. *C. L. Ins. Co.*, 64 How. Pr. 93; *Matter of Buffalo Ice Co.*, 37 App. Div. 144.) The courts below committed no error in assuming that plaintiffs had obtained a valid title to the "El Falcon" trade mark. (*Huwer* v. *Dannenhoffer*, 82 N. Y. 499; *Walsh* v. *W. M. Ins. Co.*, 32 N. Y. 440; *Pratt* v. *Foote*, 9 N. Y. 463; *Hemingway* v. *Poucher*, 98 N. Y. 281; *Jerome* v. *Q. C. C. Co.*, 163 N. Y. 357; *Lake* v. *Artisans Bank*, 3 Abb. Ct. App. Dec. 10; *Devyr* v. *Schaefer*, 55 N. Y. 446; *People* v. *Fields*, 58 N. Y. 498; *Hoffheimer* v. *Campbell*, 59 N. Y. 272; *Salisbury* v. *Howe*, 87 N. Y. 134.) The plaintiffs were not guilty of any fraud in the use of their trade mark and the several points contained on appellant's brief to the effect that the user of a mark which involves an untruth will not be protected in a court of equity, do not apply. (*Bailey* v. *Ryder*, 10 N. Y. 363; *W. C. Bank* v. *White*, 6 N. Y. 236; *Honegger* v. *Wettstein*, 94 N. Y. 259; *Milbank* v. *Jones*, 127 N. Y. 370; *Gouverneur* v. *Elmendorff*, 5 Johns. Ch. 82.)

O'BRIEN, J. The plaintiffs have recovered a judgment against the defendant, enjoining it from the use of a trade mark claimed to be their property, and for damages in the sum of ten thousand dollars for infringement and the wrongful use by the defendant of the trade mark in question.

It appears from the pleadings and findings of the trial court that about the year 1871 a partnership firm known as Lichtenstein Brothers & Co., engaged in the manufacture and sale of cigars, adopted and made use of the words "El Falcon" as a trade mark to designate a particular brand of cigars. This firm afterwards, and about the year 1886, was merged in a corporation of the same name, which took over the assets of the firm and succeeded to the good will of the business. The corporation continued in the business of manufacturing and

selling cigars and in the use of the trade mark until the 31st of October, 1898, when it went out of business. On that day it executed and delivered to the plaintiffs an instrument in writing which purported to assign and set over to them the trade mark in question, with the labels and devices that had been used with the same. The plaintiffs thereupon assuming to have succeded to all the rights of their assignor continued the use of the trade mark at its manufactory at Key West in Florida.

The defendant is a New Jersey corporation, but engaged in the manufacture and sale of cigars at Caguas, Porto Rico, with an office in New York. It appears that the manager of the corporation at that place, whose name is Gregorio Lopez y Falco, adopted his own name as a trade mark for a brand of cigars that are now known in the trade as the "El Falco." There is no similarity at all between the labels on the two trade marks, but there is a similarity in the names. No fraud, however, is alleged or claimed, and no fraud or intent to deceive the public was found by the learned trial court. The judgment in this case is to the effect that the trade mark so adopted by the defendant is an infringement upon the rights of the plaintiffs, and, hence, the injunction and award of damages.

The controlling question in this case is with respect to the plaintiffs' title, or exclusive right to the use of the trade mark for an infringement of which they procured the injunction and recovered the damages. It does not appear, and is not claimed, that anything was assigned to the plaintiffs except the naked right to use the trade marks and labels. No business or good will was transferred to the plaintiffs by the instrument, and they did not succeed, by operation of law or otherwise, to the business in which the trade mark had been used and to which it was attached. They were simply authorized to use the trade mark in their own business established at another place. The use of the trade mark by the plaintiffs denoted to the public that they were making and selling the Lichtenstein cigar, and that it was not applied to a cigar manufactured by other parties at any other place. The ques-

tion is whether, under these circumstances, the plaintiffs had any right to maintain this action.    A trade mark is not a piece of property that passes from hand to hand by assignment separate from the business of the owner of the trade mark or of the article which it may serve to distinguish.    Generally, it passes only with the business and good will of which it is an inseparable part.    The rule in this respect is well stated in a recent work of great merit on that branch of the law with which we are now concerned.

" As a mere abstract right, having no reference to any particular person or property, a trade mark cannot pass by assignment or descend to a man's legal representatives.    The reason for this is that, as an abstract right, apart from the business in which it is used, a trade mark has no existence.    To permit a trade mark to be transferred apart from the business in which it is used would be productive of fraud upon the public.    *   *   *    The mere sale of a trade mark apart from the article to which it is affixed confers no right of ownership, because no one can claim the right to sell his goods as goods manufactured by another." (Paul on Trade Marks, §§ 116, 117, 144.)    The learned author, in the notes to the three sections referred to, has collected the leading cases on the subject and it will be seen upon an examination of those authorities that they amply support the propositions contained in the text.    Some of the cases thus referred to and in which the principle was discussed are the following : *Kidd* v. *Johnson* (100 U. S. 617) ; *Macmahan Pharmacal Co.* v. *Denver Chem. Mfg. Co.* ([C. C. A.] 113 Fed. Rep. 468) ; *Leather Cloth Co.* v. *Am. Leather Cloth Co.* (11 H. L. Cases, 523, 534, 544) ; *Williams* v. *Farrand* (88 Mich. 473, 480) ; *Dixon Crucible Co.* v. *Guggenheim* (2 Brewster [Pa.], 321, 339) ; *Witthaus* v. *Mattfeldt & Co.* (44 Md. 303) ; *Skinner* v. *Oakes* (10 Mo. App. 45, 59) ; *Weener* v. *Brayton* (152 Mass. 101, 103) ; *The Fair* v. *Jose Morales & Co.* (82 Ill. App. 499) ; *Messer* v. *The Fadettes* (168 Mass. 140) ; *Weston* v. *Ketcham* (51 How. Pr. 455) ; *Cotton* v. *Gillard* (44 L. J. Chan. 90) ; *Wood* v. *Lambert* (L. R. [32 Chan. Div.] 247).

There is no allegation, proof or finding in this case that the plaintiffs, upon the execution of the writing referred to or at any other time, succeeded in any way to the business of the assignor or any part of it, or to the good will to which up to that time the trade mark had been attached. It was, as already suggested, simply a written transfer of the naked trade mark and labels detached from the business in which it had been theretofore used, and when used by the plaintiffs no longer denoted or distinguished the article or business to which it had been attached.   We do not say that the principle above suggested would apply to an assignment of all trade marks made in a similar way.   There are, doubtless, some trade marks that consist of words that identify an article produced by some secret process and without the use of which the article could not be described.   In other words, the name used may be inherent in the article itself and is not used as in this case to distinguish one cigar from another.  · The celebrated cordial, which is in use the world over, known as " Chartreuse " is a sample of a trade mark, the bare assignment of which might confer upon the assignee the right to manufacture and sell that article.   Other examples might be cited that would not come within the rule above suggested, but in the case at bar the trade mark was originally adopted by the Lichtensteins to distinguish a cigar manufactured by themselves.   The trade mark in their hands represented their own article, their own skill and business experience.   When used by the plaintiffs in their business it does not truly denote anything of the kind and the plaintiffs' claim really is that they have acquired the right to sell their own goods as the goods of some one else.

We do not, upon this appeal, assume to deal with any of the proceedings which appear at great length in the record and resulted in the ascertainment of damages as upon an accounting.   The proofs on that branch of the case were taken before a referee upon whose report the court finally acted.   The only question with which we are concerned upon this appeal is the question which was raised upon the trial of

the issues made by the pleadings before the court. That trial resulted in a decision which contains findings of fact and conclusions of law in the short form. The conclusion of law which was to the effect that the plaintiffs were entitled to judgment, was excepted to by the defendant's counsel. This exception raises the question in this court whether the conclusion of law upon which the judgment is based is sustained by the findings of fact; and since it does not appear from the findings that there was a transfer to the plaintiffs of anything but the naked trade mark these facts do not sustain the judgment. The complaint does not state that anything was transferred to the plaintiffs except the naked trade mark. The findings are no broader than the complaint, and the proofs in the case, including the written assignment, are entirely silent on that point. Hence, although this was a short decision unanimously affirmed we cannot presume that any fact was found not embraced within the scope of the pleadings, the findings as they appear in the record and the proofs upon which the decision was made. So, the general exception raises the question of law with respect to the plaintiffs' right to maintain the action.

The judgment should be reversed and a new trial granted, with costs to abide the event.

GRAY, HAIGHT and VANN, JJ., concur; CULLEN, Ch. J., BARTLETT and WERNER, JJ., dissent.

Judgment reversed, etc.