## SMITH v. YOST.

[No. 10,218.    Filed November 20, 1919.    Rehearing denied February 26, 1920.]

1.  TRADE MARKS AND TRADE NAMES.—*Not Properly Apart From Business.—Sales.*—A trade name, separated from the business to which it belongs and in which it is used, is not a species of property and cannot be sold and transferred as such, but can only pass with some property or business with which it has become identified. p. 634.

2.  CONTRACTS.—*Valid and Invalid Provisions.—Separability.*— Where valid and invalid stipulations appear in the same contract, but are susceptible of separation, the valid stipulations will be enforced. p. 635.

3.  TRADE MARKS AND TRADE NAMES.—*Contract Not to Use.*—A contract between two cigar manufacturers, each using the word "Bankable" in connection with his own name, in the sale of five-cent cigars, in different territories, containing an invalid agreement to sell the name "Bankable" by one to the other, and also an agreement on the part of the vendor not to use the name after one year, is enforceable as to the stipulation not to use the name, since the provision with reference to the sale may be wholly eliminated without in any way affecting the covenant not to use. pp. 635, 637.

4.  ESTOPPEL.—*Equitable.—Knowledge as Essential.*—To constitute

a valid estoppel by conduct, there must be knowledge on the part of the party to be estopped, and want of knowledge on the part of the party relying on an estoppel. p. 637.

From Marshal Circuit Court; *Smith N. Stevens,* Judge.

Action by Noah N. Smith against William B. Yost. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*James V. Kent, Thomas M. Ryan* and *Harley A. Logan,* for appellant.

*Walter Brubaker* and *L. W. Royse,* for appellee.

BATMAN, C. J.—Appellant instituted this action against appellee on December 8, 1915, to enjoin the latter from using the word "Bankable," as a trade name, or as a part of a trade name, for cigars, and to recover damages for a prior use thereof by appellee. Appellant's complaint consists of six paragraphs, but the fourth paragraph was withdrawn. Appellee filed demurrers to each of the other paragraphs for want of facts, all of which were sustained. Appellant refused to plead further, and judgment was thereupon rendered against him for costs. He is now prosecuting this appeal, and has assigned the action of the court in sustaining appellee's demurrers to the several paragraphs of his complaint as the sole errors on which he relies for reversal. The first paragraph of complaint alleges in substance, among other things, that for more than five years appellant has been engaged in manufacturing and selling cigars throughout the State of Indiana, except in the counties of Kosciusko, Fulton, Pulaski, Wabash, Miami, Huntington, Whitley, Noble and Elkhart; that during such time he manu-

factured and sold at wholesale, to retail merchants and cigar dealers, a cigar which was sold at retail for the sum of five cents; that all of such cigars were so sold by him in boxes containing 100 or less, and on all of such boxes there was painted, lithographed, stamped, or labeled the name "Bankable" in connection with the name "N. N. Smith Co.," which name was so placed on such boxes as a distinguishing mark and trade name for the identification of such goods, so manufactured and sold by him; that during all of said time he had advertised said name in connection with his said business exclusively as a distinguishing mark or brand of the goods manufactured and sold by him; that, by reason thereof, his said cigars, on October 26, 1914, and for a long time prior thereto, had become known to the general public throughout the State of Indiana, except within said nine counties, by said name, which served and still serves as a distinguishing mark or brand for his said goods of the character described; that during all of said time he had used said name in the manner aforesaid to the exclusion of all other persons within said territory, and thereby acquired and had on said October 26, 1914, the right to manufacture merchandise of the character aforesaid, and to sell the same under said trade name within said territory; that on said date he was manufacturing such cigars in the city of Frankfort, Indiana, in a large plant then owned by him, and which he still owns; that by reason of the facts alleged he had acquired a good will for the cigars so manufactured, and sold by him under said trade name and at said price, which was on said date, and still is, of great value to him; that for several years prior to Octo-

ber 26, 1914, appellee had manufactured cigars in the city of Warsaw, Indiana, and had sold the same exclusively within the confines of said nine counties named above; that such sales had been made in boxes on which there was printed, stamped, lithographed, or otherwise placed, the name ''Yost's Bankable,'' for the purpose of distinguishing and identifying the same as goods manufactured and sold by him; that said cigars were so manufactured and sold by appellee within said territory at wholesale to retail merchants and cigar dealers, to be sold at retail at five cents each; that appellee had used said trade name exclusively within said nine counties for several years prior to said date, for the purpose of identifying his goods, and had thus acquired the right to manufacture and sell goods of such character at said price within said nine counties; that the name ''Bankable,'' as used by both appellant and appellee as aforesaid, was and is purely fanciful, and in no way indicates the place where or person by whom, said cigars are or were manufactured; that the use of said name by appellant does not denote any special quality or character of the cigars manufactured and sold by him, and that said name was used at all times by appellee in connection with his own name, Yost; that on October 26, 1914, appellee and appellant entered into an agreement in writing, whereby the former assigned to the latter, in consideration of $400 in hand paid, all his legal rights in and to the trade name ''Bankable,'' and the use thereof as a trade name for cigars, except that appellee reserved the right to use said name upon cigars, etc., manufactured and sold by him for one year thereafter to customers to whom he had theretofore sold the

same; that appellant had in all things complied with the terms of said contract on his part to be performed; that thereafter appellant, in pursuance of and relying upon the terms of said agreement, advertised said name "Bankable" extensively within said nine counties, in connection with his own name, N. N. Smith Co., as a designation and trade name for cigars, manufactured and sold by him at wholesale to retailers, to be retailed to the general public for the sum of five cents each, and in so doing expended more than $500; that his said cigars were thereby placed in the hands of dealers, who sold the same to the general public since said date under the name "Bankable"; that said name has thus become and is now known to the general public of said nine counties as the designation and name of cigars manufactured and sold by appellant; that he has thereby acquired the good will of the public and a market for his cigars within said territory under said trade name; that appellee has wholly failed to comply with the terms of said agreement, and since October 26, 1915, has been, and is still, using said name "Yost's Bankable" as a trade name or brand for the purpose of identifying cigars manufactured and sold by him at wholesale to be retailed at the sum of five cents each, by printing, stamping, lithographing, or otherwise attaching said name thereto, and is threatening to, and will, continue so to do, unless restrained therefrom; that the act of appellee in so doing will injure the business of appellant in the manufacture and sale of goods of like character and price, under said trade name "Bankable," as used in connection with his name as aforesaid; that the continuance of the use of said trade name, as threatened by

appellee, will result in great and irreparable injury and damage to appellant and his said business; that by reason of the premises he has been damaged in the sum of $500. Prayer for an injunction and for damages.

A copy of the alleged agreement was filed with said paragraph of complaint as an exhibit. Said agreement contains, among others, the following provisions:

> "That said first party has this day sold and does hereby sell, assign, transfer and set over to said second party all his rights in and to the trade name "Bankable," and the use thereof as a trade name for cigars, cheroots and stogies, and hereby agrees that after the date of this contract he will not use the said name "Bankable" as a trade name or trade mark in the sale or manufacture of goods of the character aforesaid nor will he use said name in combination with any other words, figures, signs or symbols as a part of a trade name, trade mark or device for the designation of any brand of goods of the character aforesaid, and said first party further agrees on his part not to use the said name "Bankable" as a trade name nor with other words, figures, signs or symbols as a part of a trade name for the designation of goods of the character aforesaid, as the agent of any other person, nor as a member of any copartnership, nor as the officer or agent of any corporation, nor will he become a stockholder in a corporation so using or attempting to use such name in such manner. * * * Said first party, however, re-

serves the right to use the said name "Bankable" upon cigars, cheroots and stogies, manufactured and sold by him for one year after this date to customers to whom he has heretofore sold such cigars, cheroots and stogies, but said first party shall acquire nor seek to acquire any new customers for such merchandise."

The second paragraph of the complaint is the same as the first paragraph, except that it relies on the negative covenants of that part of the contract quoted above. The third paragraph of complaint includes the substance of both the first and second paragraphs and, in addition thereto, alleges facts with reference to the expenditure of money for advertising, which he contends creates an estoppel against appellee. The fifth paragraph of complaint includes the substance of the first and second paragraphs, but alleges in addition that the agreement in question was made between the parties thereto for the purpose of determining and fixing their rights in the use of said trade name. The sixth paragraph of complaint contains substantially the same facts as the preceding paragraphs and, in addition thereto, certain facts as to conflicting rights and interests growing out of the use of the word "Bankable" by both parties, and alleges that the agreement in question was entered into for the purpose of avoiding such conflict and the confusion arising therefrom.

It will be observed that the first paragraph of complaint proceeds upon the theory that appellant purchased of appellee the trade name "Bankable," 1. and it must be sustained, if at all, upon that theory. It is well settled that a trade name separated from the business to which it belongs and

in which it is used is not a species of property, and cannot be sold and transferred as such, but can only pass with some property or business with which the same has become identified. *Rodseth* v. *Northwestern Marble Works* (1915), 129 Minn. 472, 152 N. W. 885, Ann. Cas. 1917A 257; *Weener* v. *Brayton* (1890), 152 Mass. 101, 25 N. E. 46, 8 L. R. A. 640; *Witthaus* v. *Mattfeldt & Co.* (1875), 44 Md. 303, 22 Am. Rep. 44; *The Fair* v. *Jose Morales & Co.* (1899), 82 Ill. App. 499; *Seabrook* v. *Grimes* (1908), 107 Md. 410, 68 Atl. 833; *Skinner* v. *Oakes* (1881), 10 Mo. App. 45; *Jacoway* v. *Young* (1915), 228 Fed. 630, 143 C. C. A. 87; *Falk* v. *American, etc., Trading Co.* (1905), 180 N. Y. 445, 73 N. E. 239, 1 L. R. A. (N. S.) 704, 105 Am. St. 778, 2 Ann. Cas. 216. In the instant case it is not alleged that appellee sold or transferred anything to appellant, except the naked trade name "Bankable." In view of this fact we are compelled to hold, under the rule stated, that the court did not err in sustaining appellee's demurrer to said first paragraph.

The second paragraph of complaint is based on an alleged violation of the negative covenants of that part of the contract in suit set out above, in 2-3. which appellee promised, in effect, that after the date thereof, except in a limited way during the first year thereafter, he would not use the name "Bankable" as a trade name or trade mark in the manufacture or sale of cigars, and would not use said name in combination with any other words, figures, signs or symbols, as a trade name, trade mark or device for the designation of any brand of cigars. Appellant contends that these covenants are valid and susceptible of separation from that part of the agree-

ment with reference to the assignment and transfer of the trade name ''Bankable,'' and hence the second paragraph of complaint is not subject to demurrer for want of facts. In this connection we note that the law is well settled in this state that, where valid and invalid stipulations appear in the same contract, and such stipulations are susceptible of division or separation, the valid stipulations will be enforced. *Pierce* v. *Pierce* (1897), 17 Ind. App. 107, 46 N. E. 480; *Emshwiler* v. *Tyner* (1899), 21 Ind. App. 347, 52 N. E. 459, 69 Am. St. 360; *Trentman* v. *Wahrenburg* (1903), 30 Ind. App. 304, 65 N. E. 1057; *Bundrant* v. *Boyce* (1911), 47 Ind. App. 253, 91 N. E. 968, 92 N. E. 126; *Wells* v. *Vandalia R. Co.* (1914), 56 Ind. App. 211, 103 N. E. 360; *Board, etc.,* v. *Cincinnati Steam Heating Co.* (1891), 128 Ind. 240, 27 N. E. 612, 12 L. R. A. 502. An examination of the contract in suit discloses that the provision with reference to the assignment and transfer of the trade name in question may be wholly eliminated without in any way affecting the negative covenants on which the second paragraph of complaint is based. Under the allegations of said second paragraph, it was not necessary that appellant acquire of appellee any right to use the trade name ''Bankable'' in the nine counties in question in order to sell his cigars therein under such name. It served his purpose if he could induce appellee to forego his prior right to use such name in said territory, as he could then extend his right to use such name over the same, without conflicting with the prior right of appellee. The contract discloses that appellee agreed for a valuable consideration to forego such right. This left appellant free to sell his cigars in said territory under his

trade name. It cannot be said that in so doing appellant would be deceiving the public, as under the facts alleged he was not seeking to sell his cigars in said territory under the name of "Yost's Bankable," but was selling the same therein under the name "Bankable," in connection with his own name, N. N. Smith Co., to a trade he had established therein by extensive advertising, which had resulted in said name becoming generally known in said nine counties as the designation of cigars manufactured and sold by him. For the reasons stated we conclude that the court erred in sustaining appellee's demurrer to said second paragraph of complaint.

The third paragraph of complaint is drawn on the theory of estoppel, but this doctrine is not applicable to the facts pleaded. To constitute a valid 4. estoppel by conduct, there must be knowledge on the part of the party to be estopped, and want of knowledge on the part of the party relying upon an estoppel. *Silver, Burdett & Co.* v. *Indiana State Board, etc.* (1905), 35 Ind. App. 438, 72 N. E. 829. In the paragraph of complaint under consideration there are no allegations of facts which show either concealment or misrepresentation, or that there was knowledge on the one side and ignorance on the other. There was no error in sustaining appellee's demurrer to said third paragraph of complaint.

The theories of the fifth and sixth paragraphs of complaint are similar, although the facts relating to the conflicting rights and confusion of interests 3. are more fully stated in the latter paragraph than in the former. They are each based on that part of the contract in suit relating to the as-

signment and transfer of the trade name "Bankable" by appellee to appellant and the former's agreement not to use said name as a trade name or trade mark in the manufacture and sale of cigars thereafter, as set out above. If said paragraphs were based solely on the provision with reference to the assignment and transfer of said trade name, they would each be insufficient for reason hereinbefore stated, but, since they are based in part on the separate covenant not to use such trade name for the manufacture and sale of cigars, which we have held to be valid and separable from the provision with reference to the assignment and transfer of the trade name, they each state facts sufficient to state a cause of action on the theory of a settlement of conflicting interests, and a determination of future rights with reference to the use of said trade name in the nine counties in question. We conclude that the court erred in sustaining the demurrers to each of said paragraphs.

The judgment is reversed, with instructions to overrule appellee's demurrer to the second, fifth and sixth paragraphs of complaint, and for further proceedings consistent with this opinion.