FEE-CRAYTON HARDWOOD LUMBER COMPANY *v.* FEE-CRAYTON HARDWOOD COMPANY.

Opinion delivered October 4, 1926.

1. PARTNERSHIP—PARTICIPATION IN PROFITS.—Mere participation in the profits of a business will not make the participant a partner, as the question whether a partnership exists depends upon the intention of the parties, to be gathered from the contract construed in the light of all the facts and circumstances.

2. TRADE-MARKS—PROPERTY RIGHTS.—A trade-mark or trade emblem is property, and may have value.

3.  TRADE-MARKS—ABANDONMENT.—Abandonment of a trade-mark
    and emblem. held not proved, and a suit to restrain defend-
    ants from using same was improperly dismissed.

Appeal from Pulaski Chancery Court; *John E. Martineau*, Chancellor; reversed.

*Mehaffy & Mehaffy*, for appellant.

SMITH, J. This suit was brought by appellants for the purpose of preventing the appropriation and use of a certain trade-mark and trade emblem by appellee.

One F. F. Fee was engaged for many years in exporting lumber, and employed in this connection a certain trade-mark and a trade emblem. His business was finally incorporated under the name of the Fee-Crayton Hardwood Lumber Company. Fee owned 75 per cent. of the capital stock of the corporation, less two shares, one of which was owned by B. S. Nixon and the other by W. A. Kone. The remaining 25 per cent. of the stock was acquired from another owner by Mrs. Mamie Fee, the wife of F. F. Fee, so that Fee and his wife owned all the stock except two shares, and the stock was thus owned at the time of Fee's death, which occurred on the 14th day of January, 1923.

Nixon and Kone were valued employees of the corporation, and were given an interest of one-fourth each in the net earnings of the corporation, in addition to a monthly salary. Fee's health failed, and, for the last year or two of his life, the business was conducted by Nixon and Kone. The corporation ceased to file reports, and the last report which it was required to file with the clerk of the county court of the county of its *situs* was filed in 1921. After the death of Fee, his wife took as dower one-third of the stock which he had owned, thus making her the owner of half the stock, and, on the final settlement of the estate, she took the remaining half of the stock, less the two shares mentioned, in part satisfaction of her dower claim.

At Fee's death he was survived by his widow and several children, all of whom were minors, including the eldest son, whose initials were F. F. F., these being the

initials of his father, and these initials were part of the trade emblem which the corporation had used.

After the death of Mr. Fee, the business was wound up by Nixon and Kone, who alleged in their answer that the corporation had ceased to function as such, and its assets and affairs had been acquired and taken over by a copartnership composed of themselves and Mr. Fee, and that, as surviving partners, they had disposed of the partnership assets. It was denied in their answer that the trade-mark or trade emblem possessed any value, and were treated as being without value in winding up the copartnership affairs.

In August, 1923, following Fee's death in January of that year, a corporation known as the Fee-Crayton Hardwood Company was organized, and both Nixon and Kone were stockholders and officers in that corporation. There was testimony that Mrs. Fee was desirous of having this last corporation organized, although she owned no stock in it, as a useful instrumentality in winding up the affairs of the original corporation, which was succeeded by the copartnership, which had operated under the name of the original corporation, and upon the organization of the last corporation it had adopted the trade name and trade emblem of the original corporation as things without value to any one and which no one was then using.

The principal question in the case is one of fact, whether the assets and affairs of the Fee-Crayton Hardwood Lumber Company had been acquired by a partnership which operated under what had been the corporate name.

We do not set out the testimony on this subject, as it would serve no useful purpose to do so, but announce our conclusion, after carefully considering the testimony, to be that there was never any partnership between Fee and Nixon and Kone. A partnership was proposed, but declined by Fee. It is true Nixon and Kone were given a half interest in the profits made, but they did not testify that they were to become responsible for

any losses sustained. They advanced no money or property, and put into the business only their services, but for these services they were to be paid a salary and a per cent. of the profits.

In the case of *Wilson* v. *Todhunter*, 137 Ark. 80, it was held (to quote a head-note) that "mere participation in the profits and losses of the business alone will not make the participant a partner."

Here we have a participation in profits alone, and we think this was merely a plan devised to compensate Nixon and Kone for their services.

It may be said that the conduct of the business after Fee's health failed was such as to make all the participants in the business liable as partners to a third person who had dealt with them as a copartnership. But that question is not in this case. The question is, whether there was in fact a copartnership, and upon this question we quote another head-note in the case of *Wilson* v. *Todhunter, supra,* which reads as follows: "Whether a partnership exists depends on the intention of the parties, to be gathered from the contract construed in the light of all the facts and circumstances."

That a trade-mark or a trade emblem may have value and become a property right is settled by all the cases on the subject, and that the trade-mark and trade emblem here in litigation have value is shown by the fact that the parties have litigated the right to use them. Indeed, the undisputed testimony shows that they have large value.

Mrs. Fee testified that, although she was not in the export business and did not intend to re-enter it, she desired to preserve the trade-mark and trade emblem under which her husband had operated for many years, and which had been used by the original corporation, for the use of her son when he attained his majority. Since the institution of this suit her son, F. F. Fee, has attained his majority and has been made a party plaintiff, and has entered the same business in which the original corpora-

tion was engaged, and his testimony shows the subject-matter of this litigation is very valuable.

The court below dismissed the complaint as being without equity, and we think this was error. We do not think there was any abandonment of the trade name and trade emblem; on the contrary, we think the ownership thereof continued in the original corporation, which does not appear even yet to be dissolved, and the trade name and trade emblem belong to it, and the plaintiffs in the case had the right to maintain this suit to prevent the use of the trade name and trade emblem by the defendant.

The decree of the court below is therefore reversed, and the cause will be remanded with directions to grant the injunction prayed for.

HUMPHREYS, J., not participating.