■ CINORA NERCESSIAN, as Executrix of THOMAS THOMASIAN, Deceased, Appellant, v HOMASIAN CARPET ENTERPRISES, INC., et al., Respondents. — In an action, *inter alia,* for an injunction restraining defendants from using the trade name "Thomasian Carpets", plaintiff appeals from a judgment of the Supreme Court, Westchester County (Marbach, J.), dated October 17, 1980, which, after a nonjury trial, dismissed the complaint. Judgment affirmed, with costs. No opinion. Weinstein, J. P., Thompson and Boyers, JJ., concur.

O'Connor, J., dissents and votes to reverse the judgment, grant judgment in favor of the plaintiff on the issue of liability and remit for a trial on damages, with the following memorandum: Plaintiff brought this action as the executrix of the estate of Thomas Thomasian, who had conducted a retail carpet business under the name of "Thomasian Carpets" in Westchester County since 1940. In 1971, about two years before he died, the business was incorporated as Thomasian Carpets, Inc., with decedent as the sole shareholder. On April 2, 1974, acting on behalf of both the estate and the corporation, plaintiff entered into a contract for the sale of the business with defendant corporation; the trade name, however, was expressly licensed for a period expiring on March 18, 1977 and apparently, was not otherwise assigned or transferred. At trial, plaintiff testified that the parties' intention in authorizing the defendant corporation and defendant Malcolm Shadoian, the principal of the corporation, to use the trade name had been to assure sufficient success during that period for payment of the remaining installments of the purchase price. Although plaintiff's verified bill of particulars alleged that decedent's corporation had been an asset of the estate, defendants limited their defense to eliciting the fact that plaintiff had filed a certificate of dissolution of the corporation in 1975. Defendants made no attempt to show that the assets of decedent's corporation, other than those presumably sold to defendant corporation, had been distributed to anyone other than plaintiff as executrix of decedent, the sole shareholder. Nor is there anything else in the record or briefs on appeal that would indicate that the trade name had been assigned to anyone else or abandoned. It was simply defendants' position at the opening of trial and closing that plaintiff's termination of the corporation, which had used the trade name for but two of the approximately 30 years of the decedent's carpet business' existence prior to its creator's death, had demonstrated a lack of intent on plaintiff's part to continue her claim to the asset. Trial Term found that plaintiff was the proper party to enforce rights belonging to the estate and that as executrix she had been owner of the stock of the corporation. Yet the court ruled that only the corporation was entitled to pursue rights in the trade name and that entity had been dissolved; therefore, it determined to dismiss the

complaint. This was error. It is true that there is no right in a trade-mark or trade name apart from, respectively, the product or business and goodwill with which it is used (see *American Foundries v Robertson,* 269 US 372; *Kidd v Johnson,* 100 US 617; *Falk v American West Indies Trading Co.,* 180 NY 445; *Golenpaul v Rosett,* 174 Misc 114). There was no issue in the instant case of the existence of the trade name; defendants raised only the question whether plaintiff had abandoned it. Rights in a trade name or trade-mark can be lost through abandonment, which requires direct or circumstantial proof of an intent to abandon (see *Beech-Nut Co. v Lorillard Co.,* 273 US 629, 632; *Hanover Milling Co. v Metcalf,* 240 US 403, 418-419; *Neva-Wet Corp. of Amer. v Never Wet Processing Corp.,* 277 NY 163, 173-174; *Rockowitz Corset & Brassiere Corp. v Madame X Co.,* 248 NY 272, mot for rearg den 248 NY 623; *Hegeman & Co. v Hegeman,* 8 Daly 1). A mere suspension of business without dissipation of the goodwill, however, will no more demonstrate an abandonment of a trade name (see *Gold Seal Assoc. v Gold Seal Assoc.,* 56 F2d 452; *Johanna Farms v Citrus Bowl,* 468 F Supp 866, 877-878; *Fee-Crayton Hardwood Lbr. Co. v Fee-Crayton Hardwood Co.,* 171 Ark 831; *Vaudable v Montmarte, Inc.,* 20 Misc 2d 757, 759; *Golenpaul v Rosett, supra; Owen v Brecker,* 12 NYS2d 255; *Christy v Murphy,* 12 How Prac 77) than will the execution of a contract of license under which the right to use a trade name reverts to the licensor at the end of the term granted (see *Stogop Realty Co. v Marie Antoinette Hotel Co.,* 217 App Div 555; *Waterproofing Co. v Hydrolithic Cement Co.,* 153 App Div 47; *Distillerie Flli Ramazzotti S.p.A. v Banfi Prods. Corp.,* 52 Misc 2d 593, affd 27 AD2d 905; *Wellman v Holzer,* 56 NYS2d 299, affd 271 App Div 775). Nor will the licensor's failure to use the trade name during the term of the license demonstrate abandonment under the majority rule (see *Du Pont de Nemours & Co. v Celanese Corp. of Amer.,* 167 F2d 484; *Smith v Dental Prods.,* 140 F2d 140, cert den 322 US 743; *Nelson v Winchell & Co.,* 203 Mass 75; but see *Gruelle v Molley-Es Doll Outfitters,* 94 F2d 172, cert den 304 US 561 [criticized in 3 Callman, Unfair Competition, Trademarks and Monopolies (3d ed), § 79.3, p 529, n 37]), although in the case under review defendants did not elicit what use, if any, plaintiff made of the trade name during the term of the nonexclusive license. What Trial Term failed to appreciate was the fact that the burden of proving abandonment lies on the party arguing it (see *R. C. W. Supervisor v Cuban Tobacco Co.,* 220 F Supp 453; *Neva-Wet Corp. of Amer. v Never Wet Processing Corp.,* 277 NY 163, 175, *supra; Julian v Hoosier Drill Co.,* 78 Ind 408, 413; 3 Callman, Unfair Competition, Trademarks and Monopolies [3d ed], § 79.3, p 526; Hopkins, Trademarks, Tradenames and Unfair Competition [4th ed], § 93, p 213). Indeed, it has even been held by one trial court that a licensee is estopped from challenging the licensor on the ground of abandonment (*Union Tank Car Co. v Lindsay Soft Water Corp. of Omaha,* 257 F Supp 510, 516, affd *sub nom. Heaton Distr. Co. v Union Tank Car Co.,* 387 F2d 477). In the case at bar defendants simply failed to show that the assets of the decedent's corporation, including its rights in the trade name, were no longer held by plaintiff as executrix shareholder after receiving such assets in the normal course of distributing them upon dissolution of the corporation. Accordingly, an interlocutory judgment of liability should have been directed for plaintiff and the matter set down for determination of damages.