## N. Y. COMMON PLEAS.

In the Matter of the Assignment of JOHN A. SWEZEY and JOSEPH DART, &c.

*Assignments — Trade-mark — Examination of party under general assignment act of* 1877 — *Trade-mark cases distinguished — Trade-marks, when assignable — When leviable — Statute of exemption from attachment.*

Where the property of a copartnersip is assigned under the general assignment act, by one member of the firm, and he also assigns in the same instrument his individual property not exempt under attachment:

*Held,* " The statute of exemption does not expressly exempt a trademark," and therefore the clause in the assignment is not available to prevent the examination of such assignor under section 21 of the general assignment act of 1877.

Where " the assignment does not except property which is not subject to levy, but property which the exemption act declares to be exempt: "

*Held,* the examination should be allowed as if no exception were contained in the assignment.

Where, after such general assignment an application is made by creditors

of the assignor "to ascertain whether or not certain property called a trade-mark belongs to the assigned estate:"

*Held*, "That can only be determined by learning the facts which give the trade-mark its value."

*Held*, also, that in such case it is proper that the order allowing such examination should "explicitly state what shall be the subject and the extent of the examination."

The present application distinguished from the *Burtnett case* (8 Daly, 363) in this, that "there the avowed object of the examination was not to aid the assignee in the administration of his trust, save in the way of obtaining testimony to be used in such actions as he might afterwards bring;" while "here it is not shown that the testimony is sought for use in any action hereafter to be brought."

The sub-rule of rule 73 (*Moak's Underhill's Principles of Torts, p.* 632) and the rule laid down in *Kidd* agt. *Johnson* (9 *Reporter*, 729) cited and approved.

*Special Term, December,* 1881.

I. Motion by assignor Dart to set aside an order previously obtained for his own examination on the grounds that the court had no jurisdiction to grant the order; that it was made and is returnable before judge Joseph F. Daly, and could not be heard before any other judge; that the examination concerned a trade-mark not embraced but excepted by the assignment; that the proposed examination was not limited and not in aid of the assignee.

Motion denied.

II. Motion for a stay of proceedings, with a view of appealing from the denial of motion to set aside order for examination of assignee Dart.

The general assignment of Swezey & Dart, copartners, preferred Buckingham & Paulson, copartners, among their creditors. The assignment was executed by Joseph Dart alone; and besides assigning the property of his firm, also assigned such individual property as might not be exempt from attachment belonging to himself. A certain trade-mark, "Peerless," used on carpet warps is claimed by the moving creditors as belonging among the assets of Swezey & Dart. The peti-

tion sets forth that this trade-mark had heretofore been adjudicated by the supreme court at special trial term, in a suit by one Holbrook and others against Swezey & Dart, to be the property of the defendants in that suit, namely, Swezey & Dart. The assignor Dart, by an order of judge JOSEPH F. DALY, dated November 15, 1881, was directed to appear at the chambers of this court and be examined respecting this trade-mark in the interest of all the creditors, in order to determine what if any interest Swezey & Dart had in it, and what if any interest their assignee under their general assignment has in it. It also appearing in the petition of Buckingham & Paulson that Dart had taken possession of the trade-mark and formed a corporation for its use with himself, E. K. Jones and one Reynolds, as directors. This order for Dart's examination he moves to set aside and vacate. On the denial of that motion he further moves for a stay under that denial in view of an appeal from such denial. It appeared by adjournments, and also affidavit, that witness Dart had appeared on the return of the order for his examination, was sworn, and requested and obtained an adjournment of the examination; and that his attorney had subsequently applied to judge BEACH for leave to move to set aside the said order, which application had been denied by the latter judge.

*E. K. Jones*, attorney for Dart, assignor, with whom was Robert S. Green of counsel, in support of the application to vacate and set aside the order for Dart's examination, urged the following:

I. The examination is returnable before a judge specified, and no other judge is competent to conduct the examination. The proper judge is judge JOSEPH F. DALY.

II. The court has no jurisdiction to grant such an order on application of a creditor. The assignee must make the application or it must be made in his behalf or with his approval. The case of *Burtnett* (8 *Daly*, 363,) is precisely in point.

III. The proposed examination is without any limit (*Id.*).

IV. The trade-mark is excepted from the assignment, and is the property of Dart, and the creditors have no interest in it.

*Chauncey B. Ripley,* of counsel for creditors Buckingham and Paulson.

I. The witness Dart waived any right he had to move to vacate the order for his examination by appearing, being sworn and procuring an adjournment.

II. The objection that the judge who made the order is the only proper judge before whom the application can come has been passed upon by the court adversely, and is untenable.

III. Dart assigned his individual property as well as the firm property.

IV. The proposed examination is in aid of the creditors, and comes within the provisions of the general assignment act (*q. v. sec.* 21).

V. The motion on behalf of witness should be denied and the examination should proceed.

VAN HOESEN, *J.* — The *Burtnett case* was not like this. There the avowed object of the examination was not to aid the assignee in the administration of his trust save in the way of obtaining testimony to be used in such actions as he might afterwards bring. Chief justice DALY said that such testimony ought to be taken after those actions had been begun, and that the Code of Civil Procedure made ample provision for the examination of parties in pending actions. Here it is not shown that the testimony is sought for use in any action hereafter to be brought. The examination is, as I understand it, to ascertain whether or not certain property, called a trade-mark, belongs to the assigned estate. That can only be determined by learning the facts which give the trade-mark its value. If, as chief justice DALY said in the *Hegeman case,* this trade-mark is made valuable simply because the public believe that Dart's personal skill, experience and peculiar

knowledge impart to the fabric a perfection which it would not possess if made by any other person, it does not belong to the assigned estate. If, on the other hand, the trade-mark indicates a certain fineness or quality in the goods, and does not owe its value to the public belief in the peculiar skill of the manufacturer individually, it will be part of the assigned estate, and will go to those who buy the factory which has heretofore produced the fabric.

The sub-rule of rule 73 (*Moak's Underhill's Principles of Torts, p.* 632,) thus states the law: "Although a trader may have a property in a trade-mark sufficient to give him a right to exclude all others from using it, if his goods derive their increased value from the personal skill of the adopter of the trade-mark, he will not be allowed to assign it, for that would be a fraud upon the public. But if the increased value of the goods is not dependent upon such personal merits, the trade-mark is assignable."

In *Kidd* agt. *Johnson* (9 *Reporter*, 729) the United States supreme court held, as has chief justice DALY in several cases, that trade-marks affixed to certain articles manufactured at a particular factory, will pass with the factory when it is transferred by contract or by operation of law.

A trade-mark may be, and often is, transferred *in invitum* by proceedings in bankruptcy.

Now the question here is whether or not the trade-mark in question owes its value to the personal skill of Mr. Dart as a manufacturer. If it does it does not pass by assignment, for the public must not be deceived into buying goods which, though bearing his trade-mark, are not the product of his peculiar skill. If, however, it is the machinery, the factory, which has produced superior goods, the trade-mark goes with the machinery. In other words, the trade-mark is inseparable from the particular thing which gives it its value.

It is said that the trade-mark did not pass because it is not subject to levy under an attachment. That is not the test, conceding, for the sake of the argument, that it is not leviable.

The statute of exemptions *does not expressly exempt* a trademark, and therefore the clause in the assignment on which Mr. Dart's counsel relies does not apply. The assignment does not except property which is not subject to levy, but property which the exemption act declares to be exempt.

I think the examination should proceed. I have indicated the scope of the examination. In settling the order I will explicitly state what shall be the subject and the extent of the examination. I shall not grant nor give leave for an application to any other judge for a stay of proceedings. Both parties may submit forms of an order drawn in conformity with the views above expressed.