(153 App. Div. 435.)

## MIX v. CHARLES P. BOLAND CO.

(Supreme Court, Appellate Division, Third Department. November 13, 1912.)

1. FRAUD (§ 27*)—DECEPTION CONSTITUTING ACTIONABLE FRAUD.

　　Where defendant falsely and fraudulently represented to plaintiff, who had a contract with an owner to furnish limestone for the construction of a building at $1 a square foot, that the owner's architects would not agree to pay more than $.60 a square foot, thereby inducing plaintiff to abandon the contract and furnish the limestone for such building to defendant at a price much less than the contract price, defendant was

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

liable for the loss resulting to plaintiff from its fraudulent representa-
tions.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 8; Dec. Dig. § 27.*]

2. PLEADING (§ 350*)—JUDGMENT ON PLEADINGS.

On a motion by defendant for judgment on the pleadings, the com-
plaint must be fairly and liberally interpreted, and deemed to allege
everything fairly foreshadowed by its allegations.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1053, 1054,
1070–1077; Dec. Dig. § 350.*]

Smith, P. J., dissenting.

Appeal from Special Term, Rensselaer County.

Action by Frank G. Mix against the Charles P. Boland Company.
From a judgment dismissing the complaint for insufficiency on mo-
tion, plaintiff appeals. Reversed, and motion denied.

Argued before SMITH, P. J., and KELLOGG, BETTS, HOUGH-
TON, and LYON, JJ.

George Lawyer, of Albany, for appellant.
Thomas S. Fagan, of Troy, for respondent.

JOHN M. KELLOGG, J. [1] The complaint alleged: That the
plaintiff entered into a contract with the defendant to cut and furnish
the limestone to be used in the construction of certain buildings be-
longing to the Emma Willard School, and pursuant thereto cut and
delivered for that purpose 15,000 square feet for $8,388, which in-
dicates a price of about 56 cents per foot. That before said contract
was made the plaintiff and the Emma Willard School had entered into
an agreement by which the plaintiff was to furnish it said limestone
at $1 per square foot, and that the defendant had knowledge of such
agreement, and falsely and fraudulently stated and reported to the
plaintiff that the architects of the school would not consent or agree
that more than 60 cents per square foot should be paid for such stone.
That such statements were false and fraudulent, and known by the
defendant at the time so to be, and were made with the intent and
purpose to deceive and defraud the plaintiff by inducing the plaintiff
to agree to furnish said stone for the defendant at a less price than
one dollar. That relying on said false statements, and believing them
to be true, the defendant was induced to and did enter into said con-
tract with the defendant, and furnished the stone for said school
pursuant to the said contract with the plaintiff, to his damage of
$6,612.

If the defendant made the false representations with the intent that
the plaintiff should abandon his contract with the school and furnish
the stone for the defendant at a lower price, defendant cannot well
claim that its representations did not naturally tend to bring about the
result intended and accomplished. Evidently the school required the
stone to be furnished but once, and, when the plaintiff furnished it
to the defendant for the school, he thereby waived the right to fur-
nish such stone under his contract with the school. That was evi-
dently the intention of the defendant in making the representation.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The plaintiff accepted the defendant's statement, not choosing to enter into any controversy with the school or its architects. It now appears that the school and the architects raised no objection to carrying out the contract with the plaintiff, and that the plaintiff has lost the benefit of that contract solely through the false representations of the defendant.

[2] The plaintiff upon this motion is entitled to a fair and liberal interpretation of his complaint, which is deemed to allege everything fairly foreshadowed by its allegations.

It reasonably follows from the allegations that the representations deprived the plaintiff of the benefit of the favorable contract which he had made with the school.

The order appealed from should therefore be reversed, with costs to the appellant, and the motion for judgment upon the pleadings should be denied, with $10 costs to the plaintiff.

Order reversed with $10 costs and disbursements to the appellant, and the motion for judgment upon the pleadings denied, with $10 costs to the plaintiff.

BETTS, HOUGHTON, and LYON, JJ., concur.

SMITH, P. J. (dissenting). This is a most singular complaint. The plaintiff claims to have had a valid contract with the Emma Willard School to furnish the stone which he did thereafter furnish under his contract with the defendant at $1 per square foot; that upon representation by the defendant that the architect of the building would not consent that more than 60 cents be paid therefor, and without inquiring of the architect, the plaintiff made a contract with defendant to furnish the stone for 60 cents per square foot. The stone was furnished, for which he was paid the contract price. He now brings an action against the defendant for the additional 40 cents, on the ground that defendant's representation that the agent of the Emma Willard School and the architect would not consent to the payment of more than sixty cents was fraudulently made, and that he relied thereupon in making the contract for the lesser sum. There is no statement as to the relations between these defendants and the Emma Willard School as to whether these defendants were constructing this building for the Emma Willard School as independent contractors, or whether they acted as the agents of the Emma Willard School. There is no statement of any authority in the architect to consent or refuse to the payment of any specific sum for this stone, and it requires a vivid imagination to find even "foreshadowed," as stated by Mr. Justice KELLOGG, much less alleged, any facts which would charge any liability upon this defendant. The facts alleged in defendant's answer give to plaintiff no assistance.

In my judgment there are two fatal objections to this complaint: The first is that the representation does not appear to have been material, because it does not appear that the architect or the agent of the Emma Willard School had any authority to break a contract which had been entered into between the plaintiff and the Emma Willard

School, or any authority to dictate in any manner whatsoever what price should be paid for stone which was placed therein. No such authority can be implied merely from the relationship of agent or architect. An objection to the price made by a third party not shown to have power to act is not material to influence the making or surrender of a contract. The second objection to this complaint is that upon its face the plaintiff has suffered no damage, but still has his claim against the Emma Willard School for the moneys due upon the contract. If these defendants were the agents of the Emma Willard School, the contract for the lesser price fails to vary the original contract for the greater price for lack of consideration. If they were separate contractors, the plaintiff may still hold the Emma Willard School upon the original contract, providing plaintiff has been in any way induced to abrogate the same by any false representations. The Emma Willard School could not accept the surrender of plaintiff's contract without adopting the means by which such surrender was induced, and, if fraudulent, the surrender will be deemed ineffective, and the original contract will remain in full force. Plaintiff has furnished the stone, as provided for in the original contract with the Emma Willard School. His making a contract with a third party to accept less for the stone in no way varies the original contract with the Emma Willard School, at least, without showing some privity between the third party and the Emma Willard School, and even if privity be shown where such subsequent promise was procured through fraudulent misrepresentation. I therefore vote for the affirmance of the order.