and supervising the said property during his absence and that upon his return, they would, on demand, return said stock to the plaintiff; that the plaintiff did not make his contemplated trip to Europe, and that thereafter the said Carlo Cappello and Guiseppe Mattucci retransferred and delivered their respective shares of stock to the plaintiff, but that the defendant refused after due demand to return such stock. The answer denied that the stock was given to the defendant upon the understanding or agreement alleged in the complaint, and alleged in substance that the defendant is the actual owner of the said stock, and that the same was given to her for a valuable consideration.

*Samuel Wechsler* and *Gandolfo A. Sellaro* for appellant.

*Frank J. Rinaldi* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Absent: CARDOZO, J.

---

HARRY WALTERS, Respondent, *v.* CLAIREMONT STERILIZED EGG COMPANY et al., Defendants, and WILLIS G. HOWARD, Appellant.

*Pleading — sufficiency of complaint in action to recover for unlawful interference with business.*

*Walters* v. *Clairemont Sterlized Egg Co.*, 215 App. Div. 680, affirmed. (Argued January 8, 1926, decided February 24, 1926.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered October 30, 1925, which affirmed an order of Special Term denying a motion by defendant for judgment on the pleadings. The following question was certified: " Does the complaint herein state facts sufficient to constitute a cause of action against said defendant? " The action was to recover for an alleged unlawful interference with plaintiff's business. The complaint alleged that defendant, appellant, canvassed the egg trade, including the customers and prospective customers of the plaintiff and threatened such dealers and customers and

prospective customers that if they entered into any agreement with the plaintiff to process eggs for them or had any business dealings or relations with the plaintiff whatsoever, the defendants would institute legal action against such dealers and enjoin the plaintiff from carrying out any such contracts and from sterilizing or processing any eggs for such dealers and claimed and represented to such dealers that the plaintiff was infringing a patent or patents owned by the defendant, Clairemont Sterilized Egg Company, and falsely and wrongfully stated and represented to such dealers that the process employed by the plaintiff was of no value and that by its use the eggs so treated would be inevitably spoiled, and that the liquid so used by the plaintiff in such process was injurious to the eggs and would spoil them, all of which statements and representations, to defendant's knowledge, were false and untrue.

*Edward E. Hoenig* for appellant.

*Benjamin E. Messler* for respondent.

Order affirmed, with costs, and question certified answered in the affirmative; no opinion.

Concur: HISCOCK, Ch. J., POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Absent: CARDOZO, J.

---

DANIEL V. ARTHUR, Respondent, *v.* HARRY H. FRAZEE, Appellant.

*Joint ownership — evidence — action to recover proportionate share of net profits — parol evidence as to terms of contract — conclusions.*

Arthur v. Frazee, 214 App. Div. 776, affirmed.

(Argued January 18, 1926; decided February 24, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 8, 1925, affirming a judgment in favor of plaintiff entered upon a verdict. The action was to recover a proportion of the net profits of a certain play of which, it was alleged, plaintiff and defendant were joint owners. The only questions on appeal were whether the admission of certain testimony given by the plaintiff,