SEECK & KADE, INC., Appellant, *v.* PERTUSSIN CHEMICAL CO., INC., Respondent, and THE CHEMICAL FOUNDATION, INCORPORATED, Impleaded as a Defendant by Way of Counterclaim under Section 271 of the Civil Practice Act, Defendant.

First Department, April 15, 1932.

*Fritz v. Briesen* of counsel [*Briesen & Schrenk*, attorneys], for the appellant.

*Louis Boehm* of counsel [*David Rasch* with him on the brief; *Boehm & Zeiger*, attorneys], for the respondent.

SHERMAN, J. Plaintiff's motion to strike out for insufficiency eleven separate defenses as well as two alleged counterclaims should have been granted. Not one of these defenses discloses facts which will defeat the cause of action alleged in the complaint, nor does either of the counterclaims state a cause of action.

The first counterclaim seeks damages upon allegations that defendant, the Chemical Foundation, Incorporated, having received by assignment from the Alien Property Custodian patents and trademarks in a fiduciary capacity for the advancement of chemical and allied sciences and industries in the United States, was obligated to grant " nonexclusive licenses " to American citizens only and that violating its duty in this respect, it gave to plaintiff a quitclaim deed of its interest in the alleged trade-mark, " Pertussin." Aside from the fact that a non-exclusive license to a trade-mark issued to many individuals, apart from the business of which it was a part, would be void and of no effect (*Falk* v. *American West Indies Trading Co.*, 180 N. Y. 445), respondent has not shown any damage for which it can hold the plaintiff answerable. There is no trustee relationship entitling plaintiff to sue.

In the second counterclaim, respondent has resorted to the practice, so often condemned, of incorporating therein, by reference, all the allegations contained in the preceding ten separate affirmative defenses. Pages of irrelevant matter are thus thrown into this counterclaim, which is also described as the eleventh defense. Many of these allegations can bear no relationship to this so-called

second counterclaim and eleventh affirmative defense. These averments tend to show that the plaintiff claiming that it had a valid trade-mark was merely protecting its interest therein in a manner which it has a right to pursue. If it be considered as a possible cause of action for slander of title, no special damages have been pleaded (*Marlin Fire Arms Co.* v. *Shields,* 171 N. Y. 384), and the counterclaim is worthless.

The order appealed from should be reversed, with ten dollars costs and disbursements, and plaintiff's motion, in so far as it seeks to strike out the eleven alleged affirmative defenses and the two counterclaims, should be granted, with ten dollars costs.

FINCH, P. J., MERRELL, McAVOY and TOWNLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion, in so far as it seeks to strike out the eleven alleged affirmative defenses and the two counterclaims granted, with ten dollars costs.