SCHERING & GLATZ, INC., Appellant, *v.* AMERICAN PHARMACEUTICAL COMPANY, INC., and Another, Respondents, Impleaded with THE CHEMICAL FOUNDATION, INC., Defendant.*

First Department, July 1, 1932.

---

* Revd., 261 N. Y. 304.

*Fritz v. Briesen* of counsel [*Briesen & Schrenk*, attorneys], for the appellant.

*Albert T. Scharps* of counsel [*Louis Barnett*, attorney], for the respondents.

TOWNLEY, J. Plaintiff brings an action for an injunction restraining the use by the defendants American Pharmaceutical Company, Inc., and Philip Kachurin of the trade-mark " Anusol " and asks damages and an accounting of profits. Thirteen separate defenses have been set up and four counterclaims. The order appealed from denies the motion to strike out these four counterclaims as insufficient in law. Plaintiff's case depends upon proving exclusive ownership in the trade-mark.

The first and second counterclaims involve the same facts and state in substance that the plaintiff circularized retail and wholesale druggists in the State of New York and elsewhere, in which circulars the plaintiff falsely represented that it had the exclusive right to the names " Anusol Hemorrhoidal Suppositories " and " Anusol," and threatened to sue any retail or wholesale druggist who continued to purchase Anusol Hemorrhoidal Suppositories and *other products* from the defendants or either of them. These two counterclaims must be based either on the assertion of title to the trade-mark in the defendants or on the theory of unfair competition by the plaintiff with the entire business of the defendants. As a counter-

claim for damages for slander of title, since no special damage is pleaded, the counterclaims are improperly pleaded. (*Seeck & Kade, Inc.*, v. *Pertussin Chemical Co., Inc.*, 235 App. Div. 251.) As tort actions for unfair competition with the entire business of the defendants, the counterclaims are improperly interposed as not arising out of the subject-matter of the complaint.

The third counterclaim sets up at great length the alleged history of the trade-mark " Anusol," certain actions of the Alien Property Custodian and the Chemical Foundation, Inc., and alleges that plaintiff's trade-mark registration was obtained by [false and fraudulent statements of material facts and did not destroy the right of the defendant Chemical Foundation, Inc., as exclusive owner of the names " Anusol " and " Anusol Hemorrhoidal Suppositories " and the good will of the business appurtenant thereto. The third counterclaim asks no damages but demands that it be adjudged on behalf of the defendant American Pharmaceutical Company that the defendant Chemical Foundation, Inc., is the sole and exclusive owner of the " Anusol " trade-mark and is trustee for the American public. This counterclaim must be dismissed because the defendants American Pharmaceutical Company and Kachurin are not beneficiaries of the trust and have no right to bring any suit to enforce it. (*Seeck & Kade, Inc.*, v. *Pertussin Chemical Co., Inc., supra.*) In the next place, non-exclusive licenses under the trade-mark are void and illegal. (*Falk* v. *American West Indies Trading Co.*, 180 N. Y. 445.) Finally the third counterclaim is improperly interposed in that demand is made for a declaratory judgment to the effect that a legal defense set up in the fifth defense has been established. (*Slowmach Realty Corp.* v. *Leopold*, 236 App. Div. ——, decided herewith.)

The fourth counterclaim asserts that the Chemical Foundation, Inc., corruptly conspired with the plaintiff to clothe plaintiff with an apparently exclusive right to the trade-mark " Anusol," and that as a result of such agreement the Chemical Foundation, Inc., failed to grant a non-exclusive license applied for by the defendants and permitted plaintiff to obtain a registration in violation of its duty as trustee. Some $20,000 damage is demanded. Substantially the same counterclaim was presented in *Seeck & Kade, Inc.*, v. *Pertussin Chemical Co., Inc.*, and found faulty on the grounds, (1) that there was no fiduciary relationship between the Chemical Foundation, Inc., and Pertussin Chemical Company, which would entitle it to sue, and (2) that since the most that defendants claimed was a non-exclusive license which is void and of no effect, no damage was shown and the counterclaim, therefore, was based on no cause of action. We adhere to this conclusion on the present facts.

The order should be reversed, with ten dollars costs and disbursements, and the motion to dismiss the four counterclaims granted, with ten dollars costs.

MERRELL and McAVOY, JJ., concur; FINCH, P. J., and MARTIN, J., dissent and vote for affirmance.

FINCH, P. J. (dissenting). The justice at Special Term was right in refusing to strike out all four counterclaims.

By the first counterclaim the corporate defendant does not attempt to state merely a cause of action for slander of title, which would be insufficient in the absence of pleading special damages. (*Seeck & Kade, Inc.*, v. *Pertussin Chemical Co., Inc.*, 235 App. Div. 251.) What this defendant attempts to set forth is a cause of action for unlawful interference with the business of defendants arising out of the attempt on the part of the plaintiff to obtain an exclusive right in the trade-mark " Anusol." This states a good cause of action. (*Walters* v. *Clairemont Sterilized Egg Co.*, 242 N. Y. 521.)

The second counterclaim is the same as the first except that it is set forth on behalf of the individual defendant in the action. Hence what has been said in reference to the first counterclaim applies equally to the second.

By means of the third counterclaim a declaratory judgment is sought that it be adjudged on behalf of the defendant American Pharmaceutical Company that the defendant Chemical Foundation, Inc., is the sole and exclusive owner of the " Anusol " trade-mark. This is based upon the claim of the defendants that the plaintiff has no exclusive right to the trade-mark " Anusol." The defendants allege that the Chemical Foundation, Inc., the impleaded defendant, is the owner of the trade-mark " Anusol," said trade-mark having been taken over from an alien enemy by the Alien Property Custodian and by him transferred to the Chemical Foundation, Inc.. pursuant to the Trading with the Enemy Act. It is then further alleged that the predecessor of the plaintiff corporation applied for the registration of this name, which was denied by the Patent Office on the ground that it was the property of the Chemical Foundation, Inc. It is further alleged that the Chemical Foundation, Inc., consented to the entry of a judgment canceling its rights in the name and the subsequent registration of the said name by the plaintiff, The defendants, respondents, seek a judgment that, notwithstanding said action by the Chemical Foundation, Inc., the right to the use of the name remained in said Chemical Foundation, Inc., as a non-exclusive license for the benefit of the American public. A judicial determination as to such ownership by the Chemical Foun-

dation, Inc., is herein sought. It would seem to be clearly in the interests of expedition and mak'ng an end of litigation to have the ownership in this trade-mark finally determined in this action by declaratory judgment after the court has heard all the evidence concerning the matter and is in a position to make such determination.

The appellant further urges that the defendant Chemical Foundation, Inc., having been impleaded and not being an original defendant to the action, is not a defendant in whose behalf a counterclaim may be set up under section 266 of the Civil Practice Act. When once a defendant has been impleaded, such defendant has rights equal to any original defendant in the action. There is, therefore, no merit in this technical objection.

In the fourth counterclaim the defendants allege that the Chemical Foundation, Inc., has entered into a conspiracy with the plaintiff whereby the plaintiff should have the exclusive right to the trade-mark in question, and that by reason of such acts the defendants, respondents, have suffered heavy damages. If the defendants are successful in proving this counterclaim, they would be entitled to such damages as they have suffered, since the counterclaim is connected with the subject of the action.·

It follows that the order appealed from should be affirmed.

MARTIN, J., concurs.

Order reversed, with ten dollars costs and disbursements, and motion to dismiss the four counterclaims granted, with ten dollars costs.