AMERICAN BROADCASTING CO. v. WAHL CO. et al.

No. 264.

Circuit Court of Appeals, Second Circuit.

June 18, 1941.

Buckley & Buckley, of Washington, D. C., and Russell C. Gay, of New York City (Russell C. Gay, of New York City, H. Russell Bishop, of Washington, D. C., and John F. Lang, of New York City, of counsel), for complainant-appellant.

Coudert Brothers, of New York City (Walter R. Barry and Alexis C. Coudert, both of New York City, of counsel), for defendants-appellees.

Before L. HAND, SWAN and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The amended complaint sets forth the following causes of action against the defendants:

(1) For infringement of complainant's registered copyright of a quiz program used in radio broadcasting entitled "Double or Nothing" by broadcasting a radio program known as "Take It or Leave It."

(2) For infringement of the common-law trade-mark "Take It or Leave It" which the complainant was entitled to use on broadcasts under a license from the owner and had so used. The defendants infringed by broadcasting a program substantially similar and so entitled.

(3) For unfair competition by broadcasting programs substantially similar to complainant's program of "Double or Nothing."

The defendants moved in the District Court to dismiss the amended complaint, whereupon the judge dismissed the first cause of action with leave to file an amended complaint within ten days and the second and third for failure to state any cause of action.

■ The complainant appeals from the order so far as it dismissed the second and third causes of action. No appeal was taken from the order so far as it dismissed the first cause of action. Since leave to amend was given the order was not final and therefore not appealable. The questions before us are as to the propriety of the disposition of the second and third causes of action.

### Second Cause of Action.

■ The second cause of action for infringement of the trade-mark did not lie. A trade-mark is intended to identify the goods of the owner and to safeguard his good will. The designation if employed by a person other than one whose business it serves to identify would be misleading. Consequently "a right to the use of a trade-mark or trade-name cannot be transferred in gross." Restatement Torts § 755; Falk v. American West Indies Trading Co., 180 N.Y. 445, 73 N.E. 239, 1 L.R.A.,N.S., 704, 105 Am.St.Rep. 778, 2 Ann.Cas. 216; United Drug Co. v. Rectanus Co., 248 U.S. 90, 97, 39 S.Ct. 48, 63 L.Ed. 141. A license of a trade-mark that has never been connected with the business of the licensee is objectionable for the same reason as an assignment of a trade-mark in gross and transfers no rights. Lea v. New Home Sewing Machine Co., C.C.E.D.N.Y., 139 F. 732; Macmahan Pharmacal Co. v. Denver Chemical Mfg. Co., 8 Cir., 113 F. 468, 474; Affiliated Enterprises v. Gantz, 10 Cir., 86 F.2d 597; Seeck & Kade, Inc. v. Pertussin Chemical Co., 235 App.Div. 251, 252, 256 N.Y.S. 567; Schering & Glatz, Inc. v. American Pharm. Co., Inc., 236 App.Div. 315, 317, 258 N.Y.S. 504. We doubt wheth-

er there is any right to claim a trade-mark in such a name as "Take It or Leave It" for a quiz broadcast program. It seems to have been a mere descriptive title and not to have been affixed to any goods. Furthermore, as the trade-mark was not registered, the cause of action for infringement was dependent on diversity of citizenship between the complainant and all the defendants, which was here lacking, unless it can be said that the allegations of the second cause of action only set forth another ground for assertion of the right to recover for infringement of copyright. But the doctrine enunciated in Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148, under which the jurisdiction of the District Court might be sustained, does not apply. The suit upon the trade-mark does not set forth merely a new ground for recovering damages in connection with copyright infringement. The mere use of the so-called trade-mark "Take It or Leave It" is no additional ground of copyright infringement, nor is that trade-mark shown to have been in any way connected with the copyrighted program of "Double or Nothing", for it was not used by the complainant until four months after the latter had broadcast the program "Double or Nothing". Although the complainant's program of "Take It or Leave It" may have been similar to "Double or Nothing", the former, so far as appears, was never copyrighted and the trade-mark "Take It or Leave It" was only used in connection with the uncopyrighted program. The case, therefore, falls within the second branch of the decision in Hurn v. Oursler, where the court held that a cause of action for unfair competition with an uncopyrighted publication was not subject to federal jurisdiction though joined with a suit for infringement of a copyright.

Therefore, while the suit for infringement of the trade-mark cannot be supported on the merits because of an attempted license in gross it must primarily fail because there has been no allegation of diversity of citizenship sufficient to justify invoking the jurisdiction of the United States District Court.

### Third Cause of Action.

The third cause of action for unfair competition is based upon the alleged loss by the complainant of a contract with the Brown and Williamson Tobacco Company from which it would have made $240,-500 because the latter company would not broadcast complainant's program of "Double or Nothing" owing to the broadcasting by defendants of the substantially similar program of "Take It or Leave It". This appears to be in some respects an attempt to recover special items of damage arising through infringement of the registered copyright. Thus viewed, it would add nothing to the first cause of action wherein damages are sought for exactly the same amount as in the third. On the other hand it cannot be sustained as asserting a separate ground of recovery upon the same "operative facts" that are alleged in the first cause of action within the rule laid down in the first branch of the decision of Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148. If the allegations of the third cause of action be read literally they are found to contain no statement that the complainant has copyrighted a program entitled "Double or Nothing". Such an allegation only occurs in paragraph third of the first cause of action and is not incorporated by reference in the third cause of action. Treated as a claim based upon an independent tort the third cause of action must fail for lack of jurisdiction, diversity of citizenship being lacking. Lewis v. Vendome Bags, Inc., 2 Cir., 108 F.2d 16.

We regard the third cause of action either as one to recover special damages for the copyright infringement already alleged in the first cause of action, or as one entirely disassociated with the copyright over which the federal courts would have no jurisdiction. Because of the futile duplicity in pleading involved in regarding the third cause of action as only alleging special damages for infringement of copyright we shall read the claim literally and treat it as alleging either unfair competition or appropriation of the complainant's literary property. Upon this assumption we need not discuss the merits since the lack of diverse citizenship left the court without jurisdiction.

The question remains whether an appeal will lie from the order dismissing the third cause of action. We think it will for the reasons given in Collins v. Metro-Goldwyn Pictures Corp., 2 Cir., 106 F.2d 83.

The order dismissing the second and third causes of action is reversed and each cause of action dismissed for lack of jurisdiction of the District Court, instead of on the merits.