Tonia J. Mitchell, Respondent,
against
Charles Young, Appellant, and Brenda Young, Defendant.




Charles Young, appellant pro se.
Tonia J. Mitchell, respondent pro se.

Appeal from a judgment of the District Court of Nassau County, Second District (Joseph B. Girardi, J.), entered September 30, 2016. The judgment, insofar as appealed from and as limited by the brief, after a nonjury trial, awarded plaintiff the principal sum of $375 as against defendant Charles Young.




ORDERED that the judgment, insofar as appealed from, is affirmed, without costs.
Plaintiff commenced this small claims action to recover for defendants' alleged tortious interference with plaintiff's contract with a fence company. Defendants interposed a counterclaim.
At a nonjury trial, plaintiff testified that, after entering into a contract with a fence company to move her fence to the property line, defendants, the adjoining property owners, told the fence company that there was a dispute about where the property line was located and that litigation was pending. As a result, the fence company refused to perform the contract until plaintiff hired a land surveyor to mark her property line with stakes. Plaintiff paid a land surveyor the sum of $375 to put stakes along her property line, after which the fence company moved the fence. Following the trial, the District Court awarded plaintiff the principal sum of $375 and dismissed defendants' counterclaim. Defendant Charles Young appeals from so much of the judgment as awarded plaintiff the sum of $375 as against him. We note that defendant Charles Young raises no issue with respect to the dismissal of so much of the counterclaim as was interposed by him.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). The determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their [*2]credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
Upon a review of the record, we find that, by their wrongful conduct, including misrepresentation, defendants were liable for tortious interference with plaintiff's contract with the fence company, as plaintiff was deprived of the benefit of her contract and, instead, had to incur the additional expense of $375 to have the contract performed (see Walters v Clairemont Sterilized Egg Co., 242 NY 521, 522 [1926]; Smith v Meridian Tech., Inc., 52 AD3d 685, 687 [2008]; Mix v Boland Co., 153 App Div 435, 436-437 [1912]). As the court's award in favor of plaintiff as against defendant Charles Young in the principal sum of $375 is supported by the record and provides the parties to the appeal with substantial justice (see UDCA 1804, 1807), the judgment, insofar as appealed from, is affirmed.
MARANO, P.J., GARGUILO and BRANDS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk