## BALDWIN CO. v. R. S. HOWARD CO.

(Circuit Court of Appeals, Second Circuit.   November 14, 1916.)

No. 130.

1. TRADE-MARKS AND TRADE-NAMES ⊚═73(1)—RIGHT TO TRADE-NAME.

Complainant first adopted the name "Howard" alone to designate pianos sold by it, and with full knowledge of R. S. Howard, a piano salesman, copyrighted the name.   Thereafter the R. S. Howard Company was formed to manufacture pianos.   *Held* that, as complainant built up a profitable business under the name "Howard," defendant corporation, while entitled to use the name "R. S. Howard Company" to designate its pianos, cannot appropriate the name "Howard," regardless of the validity of complainant's trade-mark.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 84;   Dec. Dig. ⊚═73(1).]

2. APPEAL AND ERROR ⊚═843(2)—REVIEW—MOOT QUESTIONS.

Where the trial court granted complainant relief in a suit for unfair use of complainant's trade-mark, regardless of its registration, the question of the validity of the registration, the decision being upheld, need not be determined on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3331; Dec. Dig. ⊚═843(2).]

Appeal from the District Court of the United States for the Southern District of New York.

Bill by the Baldwin Company against the R. S. Howard Company. From a decree for complainant (233 Fed. 439), defendant appeals.   Affirmed.

On appeal from a decree in an action brought by the Baldwin Company against the R. S. Howard Company for unfair competition by reason of the use by the defendant of the complainant's trade-mark "Howard" upon pianos not made or sold by the complainant.   The opinion of the District Court is reported in 233 Fed. 439.

Samuel S. Watson, of New York City, for appellant.

Lawrence Maxwell, of Cincinnati, Ohio, Edmund Wetmore, of New York City, John E. Cross, of Baltimore, Md., and Oscar W. Jeffery, of New York City, for appellee.

Before COXE, WARD, and ROGERS, Circuit Judges.

COXE, Circuit Judge.   [1] This is an action in equity upon the trademark "Howard" as applied to pianos.   The custom of the trade is to stencil the name upon the front of the piano just above the keyboard and also upon the cases in which the pianos are shipped.   The question here is whether the R. S. Howard Company, the defendant, has a right to use the word "Howard" as a trade-mark in connection with sales of pianos manufactured by it.   That it may use its own name, R. S. Howard Company, is not disputed, but the contention is that the complainant has a right to the use of the name "Howard" alone as applied to the fall-board of the pianos manufactured by it because of its long use and also because of the defendant's acquiescence in that use.   The Baldwin Company adopted the name "Howard" alone to designate

⊚═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

pianos sold by it in 1896 with the full knowledge of R. S. Howard and procured the trade-mark in that name with his acquiescence. It has built up a large and flourishing business in this manner, with the knowledge of R. S. Howard and it would now be most inequitable to permit him to destroy this business and reap the fruits thereof by transferring a large part thereof to himself. He has a perfect right to use his own name, R. S. Howard, in the piano business but he has not at this late day the right to appropriate the good will of the complainant's business by the use of the trade-mark "Howard," which has by long use come to mean the pianos sold by the complainant.

The name "Howard" without prefix or suffix, when used in connection with pianos, indicated that they were the product of the Baldwin Company, the complainant herein. There can be no doubt as to the wide publicity given by the complainant to the "Howard" piano and the large sales made by it under that name. In other words, it was the enterprise, energy, capital and brains of the complainant company that established and maintained the reputation of the Howard piano and that company is entitled to have its rights protected. The facts necessary to understand the situation are fully set out in the opinion of Judge Hough and need not be repeated here.

[2] The appellant disputes the validity of the trade-mark registrations but it is contended that the validity of these registrations is not in issue in this case, at least so far as this court is concerned. The appellee's brief contains the following:

"The appellant's brief attacks the plaintiff's right to its trade-mark registrations, but the validity of the registrations is not in issue in the case. At the final hearing below, plaintiff did not claim infringement of its registrations and confined its charge of infringement solely to its common law rights in the name 'Howard,' and Judge Hough at the close of his opinion said:

" 'I incline to ground that decree solely on principles of unfair competition, and leave the trade-mark situation to take care of itself; but upon this point I am willing to hear further argument if the matter is pressed, as it was not much alluded to in argument.'

"The matter was not pressed by either side and therefore there is no finding about it in the decree. It was evidently the opinion of the court below that all questions concerning the validity of the registrations should be left to the cancellation proceedings instituted by the R. S. Howard Company in the Patent Office and now about to come to final hearing there."

We are inclined to think that the court was not called upon to hear what were practically moot questions not essential to a decision and which, even if decided according to the appellant's contention, would not affect the controlling question in the least.

The decree of the District Court is affirmed.

WARD, Circuit Judge (concurring). I concur in the opinion of the court, but think we should go further. The complainant set up in its bill ownership of a trade-mark for the word "Howard" registered under the act of 1881 (Act March 3, 1881, c. 138, 21 Stat. 502) and of another such trade-mark registered under the act of 1905 (Act Feb. 20, 1905, c. 592, 33 Stat. 724), and prayed that it might be declared the exclusive owner of both. The defendant in its answer alleged that both these trade-marks were registered without authority of law and

in its counterclaim prayed for affirmative relief, viz., that such registrations be declared invalid. This is relief we have power to grant, and I think we should do so because as to the trade-mark registered under the act of 1881 there is no evidence that it was ever used in commerce with foreign countries or with the Indian tribes, and as for the trademark registered under Act Feb. 20, 1905, it was a surname and not used for 10 years before the passage of the act or displayed in such a particular or distinctive manner as to fall within the exception contained in section 5 (Comp. St. 1913, § 9490), and so was not entitled to registration. The defendant duly assigned error to the decree in this respect and argued the question in its brief and at the hearing.