## R. S. HOWARD CO. v. ROBERTSON, Commissioner of Patents, et al.

## BALDWIN CO. v. R. S. HOWARD CO.

(Court of Appeals of District of Columbia. Submitted February 5, 1926. Decided May 3, 1926.)

Nos. 4319, 4320.

1. Judgment ⟷585(2)—Decree in unfair competition suit, involving common-law rights to use name, held not res judicata in subsequent suit, involving right to registration of trademark.

Decree in unfair competition suit, based on common-law right to use name, *held* not res judicata in subsequent suit, involving right to registration of that name as a trade-mark.

2. Judgment ⟷735—Decree on appeal from Commissioner of Patents, directing cancellation of trade-mark, held not res judicata in suit to enjoin cancellation (Rev. St. § 4915 [Comp. St. § 9460]).

Decree directing cancellation of trade-mark, entered on appeal from decision of Commissioner of Patents in cancellation proceedings, *held* not res judicata in subsequent suit in equity to enjoin such cancellation, in view of Rev. St. § 4915 (Comp. St. § 9460).

3. Parties ⟷93(2)—Plaintiff, at trial after successive appeals to Court of Appeals of District of Columbia and Supreme Court of United States, held not entitled to first question interest of one permitted to intervene in beginning.

Plaintiff, in suit to enjoin cancellation of trade-mark registration, after litigation had proceeded through Court of Appeals of District of Columbia and Supreme Court of United States, and back to Supreme Court of District for trial, *held* not entitled to then first question whether one permitted to intervene in beginning had any sufficient interest in the controversy.

4. Estoppel ⟷4—Affidavit, filed by secretary of corporation, reciting abandonment of charter, held not to estop corporation from subsequently claiming interest in trade-marks.

Affidavit, filed by secretary of corporation with state tax department, reciting that corporation had ceased business and abandoned charter, *held* not to estop corporation from subsequently asserting an interest in trade-marks in suit involving another's right to registration thereof.

Appeal from the Supreme Court of the District of Columbia.

Suit by the Baldwin Company against Thomas E. Robertson, Commissioner of Patents, wherein the R. S. Howard Company intervened. From an order denying intervener's motion to dismiss the bill, and revoking order permitting intervention, intervener appeals; and from an order refusing to instruct the clerk to disregard intervener's designa-

tion of record on appeal, plaintiff appeals. Reversed and remanded on intervener's appeal; affirmed on plaintiff's appeal.

F. D. McKenney and J. S. Flannery, both of Washington, D. C., and J. E. Cross, of Baltimore, Md., for Robertson and Baldwin Co.

S. S. Watson, of New York City, for Howard Co.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Plaintiff, hereafter for convenience referred to as the Baldwin Company, filed a bill in equity in the Supreme Court of the District of Columbia to enjoin the Commissioner of Patents from canceling two trade-mark registrations, one of which was registered March 8, 1898, by the Valley Gem Piano Company, which "consists of the word 'Howard' in connection with the initials 'V G P Co.' in the form of a monogram." The other mark was registered October 17, 1905, by the Baldwin Company and consists of the word "Howard." The Baldwin Company is the owner of both marks.

In August, 1914, the R. S. Howard Company, hereafter for convenience referred to as the Howard Company, filed applications in the Patent Office to cancel these trade-mark registrations. A large amount of testimony was taken, and the petition was denied, from which decision an appeal was prosecuted to this court, where the decision of the Commissioner was reversed, with directions to cancel the marks. Howard Co. v. Baldwin Co., 48 App. D. C. 437. An attempt was made to appeal from the decision of this court to the Supreme Court of the United States; also to take the case to that court by writs of certiorari. The appeals were dismissed, and the petitions for certiorari were denied, for want of jurisdiction. Baldwin Co. v. Howard Co., 256 U. S. 35, 41 S. Ct. 405, 65 L. Ed. 816.

On May 7, 1921, the Baldwin Company filed a bill in equity in the Supreme Court of the District of Columbia to restrain the Commissioner of Patents from carrying out the order of this court and canceling the trade-mark registrations. On filing of the bill, a temporary restraining order was issued, together with an order to show cause, to which the Commissioner answered, alleging that he was bound by the decision of the Court of Appeals, and prayed that the injunction should be denied, and the bill dismissed.

On May 27, 1921, the Howard Company petitioned the court for leave to intervene. The petition was not opposed by the Baldwin Company, and was accordingly granted. The Howard Company answered plaintiff's amended bill, and filed its motion to dismiss the complaint, alleging, among other things, as follows: "(1) That the amended bill of complaint fails to state a cause of action, and is bad in substance; (2) that plaintiff's cause of action is wholly without equity; (3) that all issues involved in the above entire action are res adjudicata as a matter of law." On hearing, the court denied the motion to dismiss and granted an injunction pendente lite. From the order the case was appealed to this court, where the decree of the court below was reversed, and a dismissal of the suit for lack of jurisdiction was ordered. Robertson, Commissioner of Patents, et al. v. U. S. ex rel. Baldwin Co., 52 App. D. C. 368, 287 F. 942. In the decision of this court, it was held that section 4915, Rev. Stat. (Comp. St. § 9460), under which the suit was instituted, had no application to trade-mark cases. The Baldwin Company appealed to the Supreme Court of the United States, where the decree was reversed. U. S. ex rel. Baldwin Co. v. Robertson, Commissioner, et al., 265 U. S. 168, 44 S. Ct. 508, 68 L. Ed. 962. The court, holding the above section of the statute applicable to the case at bar, remanded the case to the Supreme Court of the District for further proceedings. It should be noted here that the Supreme Court decided the case upon the single question of jurisdiction, without reference to the merits or the issues involved.

When the case came back to the court of first instance on the mandate of the Supreme Court, the Howard Company renewed its motion to dismiss the complaint, challenging the complaint on the grounds of its insufficiency to state a cause of action, that the cause of action alleged is without equity, and that the issues involved are res adjudicata. The Baldwin Company also moved the court to revoke the order of May, 1921, whereby leave was granted to the Howard Company to intervene as a party defendant.

On hearing, the court denied the motion of the Howard Company to dismiss the bill, and in respect of the motion of the Baldwin Company ordered as follows: "And it appearing to the court from the motion and accompanying papers of the Baldwin Company, and from the return of the rule to show cause, issued thereon, that said R. S. Howard Company, on said 27th day of May, 1921, was without any sufficient interest in the subject-matter of this case as entitled it to be

permitted to intervene herein, it is further adjudged and ordered that said order of this court, passed and entered in this case on said 27th day of May, 1921, be and the same is hereby revoked and for naught held, and said R. S. Howard Company is hereby eliminated, both as intervener and party from this consideration."

From these orders the Howard Company appealed, and from an order of the trial justice, refusing "to instruct the clerk to disregard appellant's designation of record on appeal," the Baldwin Company appealed. The appeal of the Baldwin Company, however, is not pressed, and will be disregarded in the further consideration of the case.

[1] The plea of res adjudicata is based upon the record and decree of the court in Baldwin Co. v. R. S. Howard Co. (D. C.) 233 F. 439, and 238 F. 154, 151 C. C. A. 230, in which it is contended that the identical issues here pleaded and litigated, and which are set up in this case, and the same relief here sought, was denied. We think this contention on the part of the Howard Company is without foundation, since the Court of Appeals (238 F. 154, 151 C. C. A. 230) expressly refused to consider the matter here involved. On that point the court said: "The appellant disputes the validity of the trademark registrations, but it is contended that the validity of these registrations is not in issue in this case, at least so far as this court is concerned. The appellee's brief contains the following: 'The appellant's brief attacks the plaintiff's right to its trade-mark registrations, but the validity of the registrations is not in issue in the case. At the final hearing below, plaintiff did not claim infringement of its registrations, and confined its charge of infringement solely to its common-law rights in the name "Howard," and Judge Hough, at the close of his opinion said: "I incline to ground that decree solely on principles of unfair competition, and leave the trade-mark situation to take care of itself; but upon this point I am willing to hear further argument, if the matter is pressed, as it was not much alluded to in argument." ' "

The court then held that, inasmuch as the matter of cancellation of the registrations was not pressed by either side, the validity of the registrations should be left to the determination of the cancellation proceedings brought by the Howard Company, and then pending in the Patent Office, concluding: "We are inclined to think that the court was not called upon to hear what were practically moot questions not essential to the decision and which, even if decided according to appel-

lant's contention, would not affect the controlling question in the least."

The controlling question in the above case was unfair competition, and any decision thereon would be foreign to the question here involved, namely, the right of the Baldwin Company to maintain the registrations in question. It therefore cannot be availed of, either to sustain the right of the Baldwin Company here involved, or the contention of res adjudicata advanced by the Howard Company.

The only intimation contained in the opinion of the Court of Appeals (238 F. 154, 151 C. C. A. 230) appears in the concurring opinion of Circuit Judge Ward. Referring to the single question here in issue, he said: "This is relief we have power to grant, and I think we should do so, because as to the trade-mark registered under the act of 1881 [21 Stat. 502] there is no evidence that it was ever used in commerce with foreign countries or with the Indian tribes, and as for the trade-mark registered under Act Feb. 20, 1905, it was a surname, and not used for 10 years before the passage of the act or displayed in such a particular or distinctive manner as to fall within the exception contained in section 5 (Comp. St. 1913, § 9490), and so was not entitled to registration."

The failure to recognize the distinction between the common-law right to a name and the right to have such name registered as a trade-mark has led to confusion in this case. The Circuit Court of Appeals, in the case before it, involving solely the question of unfair competition, had nothing to do with the question of registration rights, and to have attempted to adjudicate those rights would have amounted merely to the determination of a moot question; one beyond its power to decree performance. In other words, the Circuit Court of Appeals in that case would have had no jurisdiction to enter and enforce a decree compelling the Commissioner of Patents to cancel the trade-marks in question.

[2] Neither is the decision of this court (48 App. D. C. 437) res adjudicata as to the single question here in issue, the right of the Howard Company to have the marks in question canceled, since the court in that case exercised merely its statutory jurisdiction to review the decision of the Commissioner of Patents. The right of a party, defeated in such an appeal to this court, to resort to a court of equity under section 4915, Rev. Stat., is a right de novo, and is not to be tried necessarily upon the record before the Court of Appeals on appeal from the Commissioner. The case is upon the issues involved, regard-

less of the record on which it was tried out in the Patent Office and appealed to this court. It follows, therefore, that the court, in denying defendant's motion to dismiss plaintiff's bill, was right, and must be affirmed.

[3] Coming, now, to the order of the court below, sustaining the motion of the Baldwin Company to vacate the order permitting the Howard Company to intervene as a party defendant, and eliminating the Howard Company from further participation in this suit, we are of opinion that the court was in error. The motion is grounded upon the contention by the Baldwin Company that, due to certain bankruptcy proceedings against the Howard Company in New York in 1921, the Howard Company has no longer any interest in the trade-marks in question.

It appears that in November, 1920, the R. S. Howard Company made a general assignment for the benefit of its creditors to one Bernhard M. Janssen of its property and effects, and pursuant to an order of court in January, 1921, the assignee sold at public auction all the property of the Howard Company in his possession, excepting the books of account and bills receivable; that, among other things sold, was "assignee's right, title, and interest to the name R. S. Howard Company and patents"; that, subsequent to the sale, schedules in bankruptcy, duly verified by the Howard Company, were filed, in which, among other things appearing in the list of personal property, was "L. patents, copyright, and trade-marks, none." It further appears that in April, 1921, the Howard Company effected a composition with its creditors which was confirmed by the court, and the assignee in bankruptcy was discharged, and the balance of the property in the hands of the assignee, belonging to the estate, was turned back to the Howard Company.

It was subsequent to the order discharging the assignee in bankruptcy that the Howard Company was, without opposition from the Baldwin Company, permitted to intervene in this case. The Baldwin Company, at the time intervention was allowed, had constructive notice of the bankruptcy proceedings, and it would seem a little late, after the litigation has proceeded through this court and the Supreme Court, and back to the court of first instance for trial, to raise the question of the right of the Howard Company to defend, and to deprive it of its right to establish its interest in the present controversy.

[4] It is sought to support the attack on the Howard Company's right to intervene by reference to a paper filed by the secretary of the Howard Company in the tax department of the state of New York about August 3, 1921, in which the secretary made oath that the Howard Company "ceased business not later than February 25, 1921, through sale; that the charter has been abandoned and the corporation does not contemplate resuming operations under said charter"; and further certifying, for the purpose of having the name of the corporation eliminated from the tax list, that the assets of the corporation had been acquired by Howard-Stowers Company, Inc. This affidavit cannot of itself operate as an estoppel of the right of the Howard Company to assert its interest in the trade-marks in question. If true, it at most would be evidential in connection with determining as a fact the issue of interest in the marks.

The conduct of the Howard Company, following the discharge of the assignee in bankruptcy, is an important matter of fact in determining the question of interest. It appears that the business of the Howard Company was carried on by the assignee in bankruptcy in the name and for the benefit of the Howard Company during the period that the assignee was in charge. It also appears from the oath of Robert S. Howard, president of the R. S. Howard Company, that the charter of the company has never been abandoned or forfeited; that the company has continued to carry on the business from the time of its organization down to the present date; that the affidavit of the secretary of the company, in respect to the matters of taxation, was wholly without authority of the board of directors of the company; that the litigation for the cancellation of the trade-marks was begun by authority of the said board of directors of the company, and has been carried on by the company at an expense of more than $50,000; and that the company now has and claims a substantial and material interest in the present action and the subject-matter thereof.

We think that the Baldwin Company is not in position to thus challenge the interest of the Howard Company in the trade-marks in question. The single question involved in this proceeding is the determination of the exclusive right of the Baldwin Company to the use of the marks at the date of its application for registration. The statutory prohibition relates back to that date. As we said in our former opinion, 48 App. D. C. 441: "The sole question here is: Was the Baldwin Company entitled to the exclusive use of this mark ["Howard"] on the date of its application for registration? If not, has the Howard Company been injured by the

registration of the mark? The right to register the name of a person or corporation, except under conditions not present in either of these cases, is expressly forbidden. Wm. A. Rogers v. International Silver Co., 34 App. D. C. 410. The mark in the Baldwin Case and the dominating feature of the mark in the Valley Gem Case is not only a common surname, but the name of appellant corporation, either of which is sufficient to prohibit the right of registration or to form the basis of an action for cancellation."

However, inasmuch as the present action involves a trial of the issues of fact de novo, independent of the record made in the Patent Office, evidence may be adduced which will operate to so change the relation of the parties as to affect the question of interest, which, of course, must be determined with respect to the date of the application of the Baldwin Company for the respective registrations of the marks in question.

The decree in 4320 is affirmed, with costs, and the decree in 4319 is reversed, with costs, and the cause is remanded for further proceedings not inconsistent with this opinion.