**UNITED RAZOR BLADE CORP et v AKRON DRUG & SUNDRIES CO et**

Ohio Appeals, 9th Dist, Summit Co

No 2692.   Decided Dec 2, 1935

Gottwald & Breiding, Akron, for plaintiffs.

Slabaugh, Seiberling, Huber & Guinther, Akron, and A. E. Bernsteen, Cleveland, for defendants.

NICHOLS, J (,7th Dist) sitting by designation in place of STEVENS, J.

**OPINION**

By NICHOLS, J.

It may be conceded that the record does constitute prima facie evidence of the ownership of the trade-mark by Katherine Schwarz, but the record in this case very clearly, we think, overrides this prima facie showing of title, and, from the evidence introduced in this case, it is quite clear to

618

this court that, at the time United Razor Blade Corporation executed its assignment of the trade-mark in question to Katherine Schwarz, said corporation did not sell and convey to Katherine Schwarz its business and good will, and we find and hold that such assignment in gross and separate from the business and good will of United Razor Blade Corporation was null and void. The record discloses that this assignment from United Razor Blade Corporation to Katherine Schwarz was executed in duplicate, and one of these duplicate copies is admitted in evidence, showing that the trade-mark alone was the subject of the assignment, without the business and good will, and the record further discloses the fact that United Razor Blade Corporation did not acknowledge this assignment to Katherine Schwarz after the same had been amended by the attorney in Washington so as to incorporate therein the words "together with the good will of the business in which the mark is used." Such acknowledgment is required by the pertinent provisions of the Act of February 20. 1905.

In support of such finding by this court we refer to the pertinent provisions of the Act of February 20, 1905, as follows:

"Section 90. Assignments. Every registered trade-mark, and every mark for the registration of which application has been made, together with the application for registration of the same, shall be assignable in connection with the good will of the business in which the mark is used. Such assignment must be by an instrument in writing and duly acknowledged according to the laws of the country or State in which the same is executed; any such assignment shall be void as against any subsequent purchaser for a valuable consideration, without notice, unless it is recorded in the Patent Office within three months from date thereof. The commissioner shall keep a record of such assignments."

U.S.C.A., Title 15, §90.

Under this section a trade-mark registered under the act cannot be assigned unless the good will is also transferred, and an assignment of the trade-mark confers no rights on the assignee if the assignor continues to sell the same article, although under a different name.

Eiseman v Schiffer (C.C., N. Y.), 157 F. 473.

"1. A trade mark or name cannot be assigned, except in connection with the transfer of the particular business in which

it has been used, with its good will, and for continued use upon the same articles or class of articles."

Carroll v Duluth Superior Milling Co., (Minn., 1916), 232 F. 675, 146 C.C.A. 601.

There is no such thing as conveyance of trade-mark in gross, but it must as matter of law be appurtenant to a business.

Bulte v Igleheart Bros. (Ind., 1905), 137 F. 492, 70 C.C.A. 76.

Independent Baking Powder Co. v Boorman (C.C., N. J., 1910), 175 F. 448.

President Suspender Co. v MacWilliam, (D. C., N. Y., 1916), 233 F. 433, affirmed (C.C.A., 1916), 238 F. 159, certiorari denied, MacWilliam v President Suspender Co., (1917), 37 S. Ct. 399, 243 U. S. 636, 61 L. Ed. 941.

Baldwin Co. v R. S. Howard Co., (D. C., N. Y., 1916), 233 F. 439, affirmed (C C.A., 1916), 238 F. 154.

Allen v Walker & Gibson (D.C., N. Y., 1916), 235 F. 230.

Coca-Cola Bottling Co. v Coca-Cola Co., (D.C., Del., 1920), 269 F. 796.

In re Leslie-Judge Co. (C.C.A., N. Y., 1921), 272 F. 886, certiorari denied, Green v Felder (1921), 41 S. Ct. 625, 256 U. S. 704, 65 L. Ed. 1180.

Col. W. F. Cody Historical Picture Co. v Colonial Amusement Co. (D.C., Colo., 1922), 284 F. 873.

Morand Bros. v Chippewa Springs Corp., (C.C.A., Ill., 1924), 2 F. (2d) 237, certiorari denied, Chippewa Springs Corp. v Morand Bros. (1925), 45 S. Ct. 229, 267 U. S. 592, 69 L. Ed. 803.

The Fair v Jose Morales & Co. (1899), 82 Ill. App. 499.

Smith v Yost (1919), 125 NE 73, 72 Ind. App. 628.

Crossman v Griggs (1904), 71 NE 560, 186 Mass. 275.

Wiltberger v Walner (1883), 8 O. Dec. (Rep.) 538, 9 Wkly. L. Bul. 42.

Holley Milling Co. v Salt Lake & Jordan Mill & Elevator Co (1921), 197 F. 731, 58 Utah 149.

"A trademark being a mere device to secure to one the benefits of the good will attaching to his business, it cannot exist apart from such good will. Accordingly, when the business and good will become extinct, the trademark dies also. * * * It follows that trademarks cannot be assigned except for use in the same way and for the same purpose as that for which the trademark was originally adopted. * * * Hence, it is held that a trademark cannot be assigned except in connection with the par-

ticular business in which it has been used, and for continued use upon the same article or class of articles which it was first applied to and used upon by its original adopter. * * * (A) trademark cannot be sold as an absolute right disassociated from any particular business or goods."

28 American & English Encyclopedia of Law (2nd ed.), 399, 400, 404.

From the evidence in this case it is noted that after the assignment of the trademark by United Razor Blade Corporation to Katherine Schwarz, said United Razor Blade Corporation continued to engage in the business of selling razor blades by the use of the same trade-mark until the date of the dissolution of said corporation.

"2. An assignment of a trade-mark, * * * unaccompanied by the business or good will in which the trade-mark had been used, is ineffectual for any purpose except as evidence of an abandonment of the mark by the assignor, and confers upon the assignee no exclusive right to its use."

Sauers Milling Co. v Kohler Flour Mills Co. (1913), 39 App. D. C. 535.

"3. Transfer of trade-mark without transfer of good will and business in connection with which mark has been established is void."

Lindner Co. v Myrod Shoe Co. et, 38 Oh Ap 182, 175 NE 879.

But it is claimed on behalf of the plaintiffs in this case that after the assignment by United Razor Blade Corporation (old company) to Katherine Schwarz of the trade-mark in question, the use of this mark by the assignor thereafter until the dissolution of the corporation was by the permission of Katherine Schwarz, and it is further claimed that the use of this trademark by Louis Schwarz Corporation was with the permission of Katherine Schwarz in the nature of a license which could be terminated by her at any time, and that she had the right to take back to herself exclusively the use of the trade-mark after Louis Schwarz Corporaton made its assignment for the benefit of its creditors. We have been cited to no case holding that a license of a trade-mark is valid in the absence of a transfer of the business and good will of the licensor. As authority for the proposition contended for by counsel for plaintiffs to the effect that a person who acquires a trade-mark may license the use of such mark, and on the termination of the license will again acquire the right to assume its use, we are cited to the case of Lawrence-Williams Co. v Societe Enfants Gombault et cie (C.C.A. 6th), 22 F. (2d) 512.

An examination of this case does not bear out the claim made by counsel for plaintiffs. It is specifically stated in the opinion:

"Before entering into the first contract, the plaintiff had been selling its liniment in this country under the name 'Gombault's Caustic Balsam.' The defendant contends * * * that the product had not at that time become identified with the name upon the markets of the country. * * * We think the status of plaintiff's business when the first contract was made was such as entitled it to the exclusive use of the name in the selling of a caustic balsam liniment. * * *

"Nor was there an assignment or abandonment of the name * * *. Contrarily there was, we think, a definite understanding between the plaintiff and the defendant that the name should belong to the plaintiff."

In the case under consideration by this court we have no evidence of any contract or agreement between Katherine Schwarz and United Razor Blade Corporation (old company) whereby said corporation was authorized to use this trade name from the date of the assignment to the date of its dissolution, nor is there any evidence of an agreement or contract between Katherine Schwarz and Louis Schwarz Corporation whereby Katherine Schwarz granted to that corporation the right to use this trademark.

It has been clearly held in Checker Cab Mfg. Corporation v Green Cab Co. (C.C.A., 6th), 35 F. (2d) 631 (affirming 27 O.L.R. 235):

"Such retention of rights in operation and continued control of a trade-mark could be preserved, if at all, only by express provision in the original contract, which provision the parties here have seen fit to omit."

But let us assume that the transfer of this trade-mark from United Razor Blade Corporation (old company) to Katherine Schwarz operated as a valid transfer thereof disconnected with any business or the good will of any business. It seems clear to us that when Katherine Schwarz and her daughters incorporated the firm of Louis Schwarz Corporation and authorized Louis Schwarz Corporation to use this trade-mark in its business in the absence

of any express provision in the contract whereby the trade name was to revert to Katherine Schwarz at any particular time, then and in that situation Louis Schwarz Corporation became the owner of this trade-mark with the right to use the same in connection with its razor blade business, and when Louis Schwarz Corporation made an assignment of its business and stock of goods to the assignee for the benefit of its creditors, and that assignee sold and conveyed all of this stock of goods and merchandise, together with the business and good will of Louis Schwarz Corporation, with the right to use the name "successors to Louis Schwarz Corporation," this trade-mark thereby passed to The Akron Drug and Sundries Company.

"1. A trademark cannot be assigned or its use licensed, except as incidental to the transfer of the business or property in connection with which it has been used."

Mayer Fertilizer & Junk Co. v Virginia-Carolina Chemical Co. (1910), 35 App. D. C. 425.

There is no evidence in the record that Katherine Schwarz, as an individual, ever used the trade name "United Blades," either in the business of manufacturing or selling razor blades. She testifies that she was the majority stockholder in the Louis Schwarz Corporation, and one of its officers. From the record it seems clear to this court that Louis Schwarz Corporation was organized by her and her associates for the particular purpose of using this trade-mark in connection with its business of selling drugs and razor blades.

Ethel Schwarz, a witness for plaintiffs, testifies that Louis Schwarz Corporation was selling these blades exclusively and no one else was selling them. Louis Schwarz Corporation had trucks which it used in its business, upon which trucks the same trade-mark was exhibited in connection with a razor blade. Ethel Schwarz further testified that the agreement between her mother and the Louis Schwarz Corporation, permitting that corporation to make use of the trade-mark and sell these blades, was not in writing, but was by "word of mouth." While this witness testifies that her mother licensed the Louis Schwarz Corporation to use the trade-mark, neither she nor any other witness testifies that Katherine Schwarz had any business which was transferred with the license, or that the right to use the trade-mark was to revert to Katherine Schwarz at any time.

In making our finding in this case we have noted from the reply filed by plaintiffs to the answer of The Akron Drug and Sundries Company the following averment:

"Further replying to said answer plaintiffs admit that said label was used by others than the plaintiffs, but that the use of said label by others than the plaintiffs was with the knowledge and consent of the plaintiff Katherine Schwarz."

It seems apparent that the value of a trade-mark consists in the right to the exclusive use thereof in connection with the business of the owner thereof, and in the absence of averment and proof by Katherine Schwarz that the use of this trade-mark by others than the plaintiffs was granted to such others in connection with some business of the owner of the trade-mark, is in itself sufficient to defeat plaintiffs' right to injunctive relief in this case, especially in view of the fact that no showing is made in the record that the right to the trade-mark was to revert to said Katherine Schwarz at the termination of the period for which the license was granted.

The record discloses that The Akron Drug and Sundries Company, after its purchase of the stock of goods and good will of Louis Schwarz Corporation, proceeded to place orders with the same manufacturer of razor blades as had formerly manufactured the same for the various corporations which had used this trade-mark. There is no evidence in the record that the blades manufactured or sold by The Akron Drug and Sundries Company were of inferior quality to those formerly sold under this trade-mark.

Our conclusion, from a consideration of the evidence in this case, is that no showing of unfair competition on the part of defendants has been made; and as there has been no hearing on the cross-petition of The Akron Drug and Sundries Co., we make no comment with reference to the claim that plaintiffs have been guilty of unfair competition in connection with the trade-mark in question.

It would be inequitable and unfair to permit plaintiff to prevail in this lawsuit by the issuing of an injunction against the defendant The Akron Drug and Sundries Company, which purchased the business and assets, including the good will, of Louis Schwarz Corporation. The record does not disclose any evidence warranting the granting of relief to plaintiffs, or either of them, as against any of the defendants.

The injunctive and equitable relief pray-

ed for by the plaintiffs is denied, and their petition is dismissed, at their costs.

FUNK, PJ, and WASHBURN, J, concur in judgment.