## NASHVILLE PRODUCTIONS, INC., Appellee,

### v.

### FLATS WATERFRONT ASSOCIATES, Appellant.

[Cite as *Nashville Productions, Inc. v. Flats Waterfront Assoc.* (1997), 121 Ohio App.3d 258.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 71183.

Decided June 9, 1997.

*Kraus & Kraus, Kenneth A. Kraus, William J. Kraus* and *Carole A. Roth,* for appellee.

*Kenneth J. Fisher Co., L.P.A., Kenneth J. Fisher* and *Robert G. Mansour,* for appellant.

PRYATEL, Judge.

Defendant-appellant Flats Waterfront Associates ("FWA" or "appellant") appeals from the trial court's decision that granted the motion for summary judgment of plaintiff-appellee Nashville Productions, Inc. ("Nashville" or "appellee") and that failed to grant appellant's cross-motion for summary judgment. For the reasons stated below, we affirm the judgment of the trial court.

## I.  Statement of Facts

The record reflects that in 1986, FWA purchased the real property where the restaurant known as "Fagan's" is located.  Fagan's has been in operation for thirty-seven years.  Global Entertainment, Inc. originally owned Fagan's and, in 1991, sold the business, with the right to use the "Fagan's" trade name, to Nashville.  On April 5, 1991, by agreement and concurrent with the sale of the business, FWA and Nashville entered into a lease of the real property for the continuing operation of Fagan's on that site.  On April 24, 1991, the parties signed a "Conditional Assignment of Trade Names," in which Nashville (which then held the rights to the "Fagan's" name pursuant to the purchase agreement between Global and Nashville) conditionally transferred and assigned to FWA the "Fagan's" trade name.  This conditional assignment was to become binding (without any liability to FWA for any obligation) upon the occurrence of any of the following three noted conditions:  (1) the cessation of the business by Nashville, (2) default of the lease provisions by Nashville, or (3) expiration of the lease.  On January 18, 1995, Nashville filed a complaint for declaratory judgment requesting the court to declare the April 24, 1991 conditional assignment of trade names as unenforceable, null and void, and to cancel the assignment.  The matter proceeded to case management, and the briefing schedule for the matter was set by the court.  The motion and cross-motion for summary judgment were filed.

On August 4, 1996, after full briefing of the issues, the trial court entered judgment on appellee's motion that the conditional assignment of trade names was invalid and unenforceable as a matter of law.  The court further denied the cross-motion for summary judgment filed by FWA.

It is from these rulings of the trial court that the appellant, FWA, timely appeals and raises one assignment of error for our review.

"The trial court erred in granting appellee's motion for summary judgment and denying appellant's cross–motion for summary judgment."

## II

Appellant argues that the trial court erred in (1) granting the appellee's motion for summary judgment and (2) denying its cross-motion for summary judgment by ruling that the conditional assignment of the trade name was void as an assignment in gross.

Specifically, appellant maintains that this conditional assignment is not void as an assignment in gross because both the "obvious and stated intent" of the conditional assignment was to include the transfer of the good will and business of Fagan's should Nashville cease doing business at the location.  In support of

its position, appellant contends that the transfer of the tangible assets of a business is not required in order to transfer the good will.

On the other hand, appellee Nashville asserts that the conditional assignment of trade names fails to transfer the good will of Fagan's and is, therefore, void as a transfer in gross.

Civ.R. 56(C) provides that summary judgment may be granted where the pleadings and evidence show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In the matter *sub judice*, there are no facts in dispute. The question before us is whether the trial court properly granted summary judgment in ruling that the conditional assignment of trade name was a transfer in gross and, therefore, void as a matter of law.

■ A trade name, as here, is a designation that is adopted and used to denominate the conduct of a business and, through its association with the business, acquires a special significance in the name. *Manitowoc Sales & Serv. Corp. v. Manitowoc Crane & Shovel Sales Corp.* (1967), 11 Ohio Misc. 174, 40 O.O.2d 474, 229 N.E.2d 865. One purpose of a trade name is to protect the public, since consumer purchasing is based on name recognition and, therefore, the name identifying the service or business must be protected to assure the customer that he or she is receiving services from the intended source. *Younker v. Nationwide Mut. Ins. Co.* (1963), 175 Ohio St. 1, 23 O.O.2d 285, 191 N.E.2d 145. A trade name further protects the public from being deceived into buying an infringing, unwanted service. *Circle Communications, Inc. v. Hinton* (C.P. 1975), 74 O.O.2d 356. Another purpose of a trade name is to protect the interests of the owner of the name in the good will that has been created as to the name by keeping others from infringing on that good will. *Younker, supra.* Such protection tends to create consumer demand for the service and to protect the owner's investment in advertising and quality control. *Circle Communications, supra.* Rights in trade names are acquired by the actual user. *Younker, supra.*

■ A trade name cannot exist independently of some business in which it is used, and, therefore, an attempted transfer of a trade name without the transfer of the good will and business in connection with which the name has been established is void. *Cloverleaf Restaurants, Inc. v. Lenihan* (1947), 80 Ohio App. 477, 482, 36 O.O. 245, 248, 75 N.E.2d 477, 479. See, also, *Hanover Star Milling v. Metcalf* (1916), 240 U.S. 403, 36 S.Ct. 357, 60 L.Ed. 713; *Lindner Co. v. Myrod Shoe Co.* (1930), 38 Ohio App. 182, 175 N.E. 879; *United Razor Blade Corp. v. Akron Drug & Sundries Co.* (1935), 52 Ohio App. 379, 6 O.O. 396, 3 N.E.2d 902. Generally, the right to use a trade name passes to the purchaser of a business. *Brass & Iron Works Co. v. Payne* (1893), 50 Ohio St. 115, 33 N.E. 88. A valid

transfer of a trade name does not require the transfer of any physical or tangible assets; all that is necessary is the transfer of the good will to which the mark pertains. *The Money Store v. Harriscorp Finance, Inc.* (C.A.7, 1982), 689 F.2d 666.

In this instance, the record reflects that Nashville became the owner of the trade name at issue here by the purchase of the business of Fagan's from Global Entertainment. A review of the Conditional Assignment of Trade Names between Nashville and FWA does not indicate either (1) the transfer of the business of Fagan's or (2) the assignment of the good will of Fagan's.

■ Nevertheless, appellant FWA contends that the good will of the name "Fagan's" has attached to the real property in this instance because old customers will resort to the "old place." *Spayd v. Turner, Granzow & Hollenkamp* (1985), 19 Ohio St.3d 55, 19 OBR 54, 482 N.E.2d 1232. Appellant's reliance on *Spayd* is misplaced. The court in *Spayd* was called upon to determine whether it is against public policy to include measurable good will as an asset in the dissolution of a business. There is no language in the *Spayd* decision that good will accompanies real property. We can find no authority (nor has appellant given us any) that the good will of a business automatically attaches to the real property where the business itself is being conducted.

■ A review of the plain language in the documents before us, including the lease and the conditional assignment of trade names, reveals that FWA will acquire no interest in the business of Fagan's or in the good will of the restaurant business run by Nashville upon the transfer of the trade name "Fagan's." By the assignment, it appears that FWA is attempting to connect the name of Fagan's restaurant with the physical property that it owns. Such a transfer is not recognizable under Ohio case law.

Accordingly, we find that the trial court did not err when it granted summary judgment to appellee and denied summary judgment to appellant, finding that the conditional assignment of trade name was void as an assignment in gross.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

MATIA, P.J., and KARPINSKI, J., concur.

AUGUST PRYATEL, J., retired, of the Eighth Appellate District, sitting by assignment.